[No. 3121-3. Division Three. October 30, 1979.]

*In the Matter of the Marriage of* LEWIS B. HANSEN, *Respondent, and* AFTON P. HANSEN, *Appellant.*

---

[3]RCW 4.12.025 provides:
"An action may be brought in any county in which the defendant resides . . ."

*John G. Schultz* and *Leavy, Taber, Schultz, Bergdahl & Sweeney,* for appellant.

*George A. Critchlow, Richard M. Knoeber,* and *Critchlow & Williams,* for respondent.

GREEN, C.J.—Lewis Hansen successfully petitioned the court to dissolve his marriage to Afton Hansen. The court refused to incorporate a separation agreement into the dissolution decree, finding that its terms were ambiguous and unfair. Mrs. Hansen appeals.

Two issues are presented: (1) Does RCW 26.09.070(7) of the marriage dissolution act of 1974 prevent a court from modifying a separation agreement which contains a provision that expressly precludes modification? and (2) Is the finding that the separation agreement was unfair and ambiguous supported by substantial evidence?

Mr. and Mrs. Hansen were married in 1953. Four children were born to them. In 1968, while living in Pennsylvania, they separated for a short time and entered into a support and maintenance agreement. This agreement was prepared by Mrs. Hansen's Pennsylvania attorney, an elder in the parties' church who also counseled them from a religious standpoint.

In 1972, while still in Pennsylvania, the parties separated again. The 1968 agreement was used by Mrs. Hansen's new

attorney as the basis for another agreement. Mr. Hansen was not represented. This agreement stated that Mr. Hansen would pay $600 per month support to his wife so long as she did not remarry. An additional $100 per month was to be paid for the support of each of the couple's four children until certain conditions occurred. Paragraph 9 of the agreement provided:

> In any [divorce] . . . suit . . ., wife shall not claim or demand support, alimony pendente lite, permanent alimony, counsel fees or expenses. This agreement shall not be impaired, but shall continue in full force and effect, regardless whether any such suit is instituted or concluded.

In 1972, Mr. Hansen, who is employed by the federal government, earned $1,300 per month. Mrs. Hansen was not employed outside the home.

The circumstances surrounding the execution of this agreement were in dispute at trial. Mr. Hansen testified that his wife coerced him into signing it by harassing him at work. He viewed the $600 per month paid to Mrs. Hansen for her support as additional support of the children, since it helped maintain the entire household. He further interpreted the agreement as calling for termination of spousal support in the event of a divorce. Mrs. Hansen denied these claims and took the position that the contract called for the payment of spousal support until she remarried.

After the second agreement was executed, Mr. Hansen moved to Washington where he petitioned for dissolution in 1977. By this time, several changes had occurred in the parties' circumstances. His income had more than doubled. Mrs. Hansen was employed as a real estate agent earning approximately $650 per month after expenses. Two of the couple's children were married and the other two were living away from home, attending college.

The court found the second agreement unfair because it was based on an agreement drafted by an attorney who served both as a religious and legal counselor; it did not take into account Mr. Hansen's financial status; it failed to

divide the parties' rights in Mr. Hansen's pension; and, finally, Mr. Hansen was not represented by counsel. It also found the agreement ambiguous with respect to the termination date of the spousal support payments. The court concluded that the agreement should not be given effect in the decree of dissolution. It terminated the spousal support and ordered Mr. Hansen to pay back maintenance in the amount of $12,680, and awarded Mrs. Hansen a share of Mr. Hansen's pension rights.

First, Mrs. Hansen contends that the court used the wrong law in determining whether the support agreement was modifiable. She argues that RCW 26.09.070(7) of the 1974 marriage dissolution act applies retroactively to the 1972 agreement. RCW 26.09.070(7) provides:

> When the separation contract so provides, the decree may expressly preclude or limit modification of any provision for maintenance set forth in the decree.

The findings and conclusions of the trial court do not specify whether the dissolution act or prior law was applied. We conclude the trial court acted properly under either alternative.

■ Prior to 1974, the provisions of a divorce decree relative to spousal support were freely modifiable, even if the amount contained in the decree was based upon an agreement between the parties. *Millheisler v. Millheisler*, 43 Wn.2d 282, 282–83, 261 P.2d 69 (1953). Under the new act, the court may modify a support agreement only if, after considering all the relevant evidence, it finds that the agreement was unfair at the time of its execution. RCW 26.09.070(4).[1] This statute is analogous to the prior law dealing with property settlement agreements. Such agreements were binding on the parties if they were

> fair and equitable, untainted with fraud, collusion, coercion, undue influence, or the like, although, in

---

[1]RCW 26.09.070(4) states:

"If the court in an action for dissolution of marriage . . . finds that the separation contract was unfair at the time of its execution, it may make orders for the maintenance of either party . . ."

subsequent actions for divorce, such settlements or agreements are not binding on the court and may be disregarded if the court is satisfied that they are unfair, unjust, *or do not constitute a proper division of the property.*

*Richardson v. Richardson,* 69 Wn.2d 59, 61, 417 P.2d 157 (1966), quoting from *Lee v. Lee,* 27 Wn.2d 389, 400, 178 P.2d 296 (1947).

Here, the trial court found that the agreement was unfair. RCW 26.09.070(7) does not require the court to enforce the terms of an unfair agreement even though that agreement arguably precludes modification of the terms relating to spousal support. That statute only states that the court "may" preclude modification of spousal support if the parties' separation agreement so provides. Therefore, we hold that a trial court has the authority to modify an agreement for spousal support if it finds that the agreement is unfair, even though the agreement expressly precludes modification.

Second, Mrs. Hansen asserts that the evidence does not support the court's finding of unfairness and ambiguity. We have reviewed the record and the evidence, accurately detailed in the finding itself, amply supports the court's decision that the agreement was unfair, and therefore, modifiable. In light of our conclusion, we need not consider the propriety of the trial court's finding of ambiguity.

Affirmed.

Munson and Roe, JJ., concur.