[No. 7316-1-II.   Division Two.   October 8, 1985.]

*In the Matter of the Marriage of* CONSTANCE J. YEAROUT, *Respondent, and* RICHARD L. YEAROUT, *Appellant.*

*Kenneth V. Hoffman,* for appellant.

*Constance J. Yearout,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *John P. Wulle, Assistant,* for State.

ALEXANDER, J.—Richard Yearout appeals from the denial

of his motion to modify or vacate the spousal maintenance provision in a dissolution decree. We affirm.

On August 7, 1980, Constance Yearout filed a petition in Clark County Superior Court for dissolution of her marriage to Richard Yearout. Thereafter, on January 13, 1981, the Yearouts entered into a written separation contract that pertained solely to the provision of spousal maintenance by Mr. Yearout. The portion of the separation agreement that is crucial to the resolution of the issues before us reads as follows:

1. Pursuant to RCW 26.09.070, this contract may not be modified by the court without the mutual consent of the parties.

The Superior Court entered a decree of dissolution on March 3, 1981. That court made provision for child support, divided the property of the spouses, ordered Mr. Yearout to pay a majority of the community debts, and provided, by incorporating the written separation contract of the parties into the decree, that Mr. Yearout pay maintenance.

The paragraph in the dissolution decree incorporating the separation agreement reads:

4. Respondent shall pay to Petitioner maintenance as set forth in the Written Separation Contract for the parties, dated January 13, 1981, *which contract is incorporated by reference as if fully set forth.* Respondent is ordered to perform all maintenance obligations set forth in the Contract, in the form and in the manner as set forth therein, and each and every obligation of Respondent therein becomes a portion of this Decree.

(Italics ours.)

More than 2 years after the entry of the decree of dissolution, Mr. Yearout moved for modification of the spousal maintenance and child support provisions of the decree. He asserted that his salary had decreased from $19,000 a year to between $13,000 and $15,000 annually thus making it impossible for him to meet his obligations. The Superior Court modified child support, finding that there had been

"a substantial change of circumstances" regarding Mr. Yearout's ability to pay. The trial court refused, however, to modify the spousal maintenance requirement because the nonmodifiable separation agreement was fully incorporated into the dissolution decree. This finding led the court to conclude, "pursuant to [RCW 26.09.070(7)], the maintenance provided for in the Decree of Dissolution is not subject to modification."

Appellant makes two challenges to the trial court's ruling. First, Mr. Yearout cites RCW 26.09.070(7) in support of his contention that a decree may not be held to limit or preclude modification of spousal maintenance provisions unless it expressly so states. He argues that since the decree contains no such statement, modification may be ordered in this case. Mr. Yearout's second contention is that even if the provisions of the decree are interpreted to preclude modification, the maintenance provision should be modified on equitable grounds.

The first issue raised by Mr. Yearout requires an interpretation of RCW 26.09.070(7), which provides, in part, as follows:

> (7) When the separation contract so provides, the decree may expressly preclude or limit modification of any provision for maintenance set forth in the decree.

Mr. Yearout seems to suggest that in order for spousal maintenance established by a separation agreement to be nonmodifiable, the decree incorporating the agreement must contain language such as: "this provision for maintenance is non–modifiable." Although the use of such precise language may be prudent, its absence is not fatal to the contention that a maintenance provision in a decree of dissolution is nonmodifiable.

■ In the case before us, the language used, although not as express as that suggested above, is sufficient to satisfy the requirements of RCW 26.09.070(7). In the paragraph of the decree dealing with spousal maintenance quoted above, the court emphasized full incorporation of the pertinent provisions of the agreement in three ways: (1)

"incorporated herein by reference *as if fully set forth,*" (2) "perform all . . . obligations . . ., *in the form and in the manner as set forth therein,*" and (3) "*each and every obligation of Respondent therein becomes a portion of this Decree.*" (Italics ours.) In our opinion, this language in the decree of dissolution is sufficiently express to preclude modification of the maintenance provision.

Mr. Yearout argues that a contrary conclusion is suggested by *In re Marriage of Olsen,* 24 Wn. App. 292, 600 P.2d 690 (1979). In *Olsen,* the court was dealing with a decree entered before enactment of RCW 26.09.070(7). In language that can only be described as dicta, the court stated that maintenance should be modifiable in *Olsen,* even if RCW 26.09.070(7) applied, because "the decree does not state expressly that the maintenance award is nonmodifiable, nor does the support award segregate maintenance from child support." *Olsen,* 24 Wn. App. at 297.

Apart from the fact that the *Olsen* pronouncement on the issue before us is dicta, its facts can be distinguished from the present case in two ways. First, and most importantly, the separation agreement in *Olsen* had not been merged into the dissolution decree. Although the agreement had been incorporated by reference into the decree, the decree specifically provided that the separation agreement "is not adjudged[,] but shall in all respects survive the decree." *Olsen,* 24 Wn. App. at 298.

On the other hand, in the case before us, the separation agreement clearly had been merged into the decree. Generally, if a prior court decree confirms, approves, or incorporates by reference the terms of a separation agreement a merger has occurred. *Mickens v. Mickens,* 62 Wn.2d 876, 385 P.2d 14 (1963); *Millheisler v. Millheisler,* 43 Wn.2d 282, 261 P.2d 69 (1953). Ultimately, however, an appellate court will look to the intent of the parties and the trial court as expressed in the documents themselves to determine whether a merger has occurred. *In re Marriage of Olsen, supra.* In our case, not only was the agreement incorporated by reference, but the language of the decree,

cited above, made clear that the agreement was to be merged into the decree.

*Olsen* may also be distinguished from this case in that in *Olsen,* the court indicated that the separation agreement did not segregate child support from spousal maintenance. A decree of dissolution may be modified, notwithstanding a provision in the decree to the contrary, when child support is indistinguishable from spousal maintenance. RCW 26.09-.070(7). *See In re Marriage of Studebaker,* 36 Wn. App. 815, 677 P.2d 789 (1984). In the present case, the separation agreement deals only with spousal maintenance and, thus, is "segregated" from child support.

The second issue before us centers upon Mr. Yearout's assertion that equitable considerations dictate modification of the spousal maintenance provisions of the dissolution decree. Appellant makes three arguments in support of this contention.

First, appellant cites *In re Marriage of Hansen,* 24 Wn. App. 578, 602 P.2d 369 (1979) in support of his argument that the trial court may modify an otherwise non-modifiable separation agreement if it finds the agreement to be unfair.[1] While this statement of the law is correct, it does not advance Mr. Yearout's position. An agreement's fairness is to be measured at the time it is executed by the parties to the agreement. *In re Marriage of Hansen, supra.* Fairness is not measured after the occurrence of later events. While the trial court found that Mr. Yearout has experienced decreased earnings since the decree of dissolution was entered, there is no finding or showing that the agreement was "unfair" when executed.[2]

---

[1]In *In re Marriage of Hansen, supra,* unlike this case, the decree of dissolution did not incorporate, directly or by reference, the separation agreement of the parties. The trial court refused to incorporate the separation agreement into the decree, finding it to be unfair. The appeal was taken from this refusal.

[2]Appellant's brief contains a statement that Mr. Yearout was in a "very depressed state of mind" at the time the marriage was breaking up. It is asserted that Mr. Yearout was troubled by the fact that his wife had multiple sclerosis and that this caused him feelings of "guilt." While the trial court made no findings

■ Appellant next argues that the trial court erred in not vacating the judgment pursuant to CR 60(b)(11) for "[a]ny other reason justifying relief from the operation of the judgment." The use of CR 60(b)(11) "should be confined to situations involving extraordinary circumstances not covered by any other section of the rule." *State v. Keller,* 32 Wn. App. 135, 140, 647 P.2d 35 (1982). Such circumstances must relate to irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings. *Keller,* 32 Wn. App. at 141. The courts have stressed the need for the presence of "unusual circumstances" before CR 60(b)(11) will be applied. *In re Henderson,* 97 Wn.2d 356, 360, 644 P.2d 1178 (1982). In this case, Mr. Yearout's complaints as to the separation agreement's unfairness and his allegedly unstable emotional condition at the time of the original decree do not constitute extraordinary circumstances that would justify relief under CR 60(b)(11).

Finally, appellant asserts that the court should exercise its inherent equitable power to vacate the decree of dissolution in order to avoid injustice. The three cases, *Haller v. Wallis,* 89 Wn.2d 539, 573 P.2d 1302 (1978); *White v. Holm,* 73 Wn.2d 348, 438 P.2d 581 (1968); *Morgan v. Burks,* 17 Wn. App. 193, 563 P.2d 1260 (1977), cited by appellant all deal with instances where a court vacated a judgment pursuant to CR 60(b)(1) or its predecessor statute, RCW 4.32.240 for "mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order". That standard is inapplicable to the present case, since there is no suggestion that any of the aforementioned conditions affected the entry of the decree.

Accordingly, the trial court's denial of Mr. Yearout's motion to modify spousal maintenance is affirmed.

WORSWICK, C.J., and PETRICH, J., concur.

---

concerning Mr. Yearout's state of mind, any such findings would be irrelevant on the issue of the agreement's fairness.