# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KING COUNTY, a political subdivision
of the State of Washington,

Respondent,

v.

F. RAYMOND HAVERSAT,

Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 67621-1-I

UNPUBLISHED OPINION

FILED:  June 3, 2013

DWYER, J. – Raymond Haversat incurred civil penalties when he failed to comply with a notice and order to correct county code violations on his King County property.  Haversat did not appeal the notice and order or the subsequent summary judgment entered in favor of King County.  He now appeals the trial court's denial of his motion to vacate the summary judgment.  But Haversat's claims that the trial court committed legal errors in entering summary judgment do not fall within the scope of appellate review.  And he has also failed to identify any grounds under CR 60(b) that warrant relief.  The trial court therefore did not abuse its discretion in denying the motion to vacate.  We affirm.

I

Raymond Haversat owns a parcel of land in unincorporated King County. In 2005, the King County Department of Development and Environmental Services (DDES) received an anonymous citizen complaint about the property. A DDES code enforcement officer investigated the report and found a residence and two outbuildings that appeared to be abandoned and open to the public. Junk and debris had accumulated around the buildings, and the vegetation was overgrown.

DDES notified Haversat of potential violations of the King County Code (KCC) and began a series of negotiations with him to clean up the property and bring it into code compliance. Inspections in 2006 and 2007 confirmed the continuing existence of code violations.

On January 28, 2008, DDES served Haversat with a notice and order of a civil code violation pursuant to KCC 23.24.010. The notice directed Haversat to secure the vacant and open structures and warned of daily civil penalties if he failed to comply by March 3, 2008. The notice further advised Haversat that he could appeal the order to a hearing examiner within 14 days and that the failure to appeal rendered the notice and order a final determination that the specified conditions existed and constituted a civil code violation. See KCC 23.36.050.

Haversat did not appeal or comply with the notice and order and incurred $4,950.00 in civil penalties. On April 15, 2009, King County filed this action for injunctive relief and a judgment for the unpaid civil penalties.

-2-

King County moved for summary judgment. The trial court heard argument on the motion on June 8, 2010; Haversat did not appear. The court granted the County's motion and ordered Haversat to maintain the property in compliance with the notice and order. The court also entered a judgment in favor of King County for $4,950.00 plus costs and interest. Haversat did not appeal.

On June 7, 2011, Haversat filed a motion for an order to show cause, asking the trial court to vacate the summary judgment. Among other things, Haversat alleged that he was denied due process, that the judgment contained irregularities, and that the County had improperly relied on the anonymous complaint of a trespasser.

The trial court denied the motion to vacate. The court found that the purpose of the motion was to seek reconsideration of the June 8, 2010 summary judgment order and that the motion was therefore untimely under CR 59(b). The court also rejected Haversat's claim of a due process violation and concluded that there were no irregularities that warranted revisiting the summary judgment.

II

Citing CR 60(b)(1), (4), (5), and (11), Haversat contends that the trial court erred in not vacating the summary judgment. But he has not provided any coherent legal argument demonstrating that the specified rule provisions apply to the facts of this case.

Generally, an appellate court reviews the trial court's denial of a CR 60(b) motion for a manifest abuse of discretion. Haley v. Highland, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006). CR 60(b)(5) addresses the vacation of a void judgment. Because courts "have a mandatory, nondiscretionary duty to vacate void judgments," we review de novo the trial court's decision to grant or deny a CR 60(b) motion to vacate a void judgment. Dobbins v. Mendoza, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997).

Unlike an appeal, a CR 60(b) motion is not a means of correcting errors of law. Burlingame v. Consol Mines & Smelting Co., 106 Wn.2d 328, 336, 722 P.2d 67 (1986). Contrary to Haversat's apparent belief, we will therefore review only the trial court's decision to deny the motion to vacate—not the underlying summary judgment order that Haversat seeks to vacate. See Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

CR 60(b)(5)

Haversat contends that the summary judgment was void because it violated his right to due process. He asserts that his attorney, who had withdrawn, did not advise him that the new hearing date of June 8, 2010 had been confirmed and that the new hearing date was never docketed. But the record shows that the trial court changed the hearing to June 8 at the request of Haversat's attorney. Haversat's

attorney filed and served his notice of intent to withdraw on June 1, 2010. Under CR 71(c), as the trial court noted in denying the motion to vacate, the withdrawal became effective no earlier than June 10. Consequently, Haversat's counsel remained attorney of record at the time of the summary judgment hearing. The record fails to support Haversat's conclusory allegation of a due process violation.

Haversat also claims that inaccuracies in the text of the summary judgment rendered it void. He notes that the summary judgment recited incorrect hearing and signing dates.[1] He also alleges that the judgment incorrectly states that the trial court considered oral argument from the parties, although neither Haversat nor his counsel appeared.

"[A] court enters a void order only when it lacks personal jurisdiction or subject matter jurisdiction over the claim." Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 541, 886 P.2d 189 (1994). Haversat has not cited any authority suggesting that the minor inaccuracies affected the substantive legal and factual provisions of the summary judgment. Nor has he even alleged that the trial court lacked personal jurisdiction over the parties or subject matter jurisdiction over the claim. The trial court did not err in denying the motion to vacate based on CR 60(b)(5).

Haversat's reliance on CR 60(b)(1) is equally misplaced. CR 60(b)(1) allows the trial court to vacate a judgment due to mistakes, inadvertence, surprise,

---

[1] In its order denying Haversat's motion to vacate, the trial court amended the summary judgment to specify the correct signing date.

excusable neglect, or irregularity in obtaining a judgment. An irregularity is an action that does not follow a prescribed rule or mode of proceeding, including the failure to take an action that is necessary for the due and orderly conduct of a lawsuit or taking a necessary action in an improper manner. Little v. King, 160 Wn.2d 696, 722-23, 161 P.3d 345 (2007).

In response to the County's motion for summary judgment, Haversat, through counsel, submitted a response and a supporting affidavit. The trial court scheduled the hearing on the motion in response to the request of Haversat's counsel. Although counsel filed and served a notice of intent to withdraw shortly before the hearing, Haversat did not file an objection under CR 71 or otherwise contact the court. Under the circumstances, Haversat has not demonstrated any mistake, excusable neglect, or irregularity in the entry of summary judgment. The trial court did not abuse its discretion in denying the motion to vacate under CR 60(b)(1).

CR 60(b)(4) and (11)

Haversat contends that the trial court should have vacated the summary judgment under both CR 60(b)(4) (fraud) and CR 60(b)(11) (any other reason justifying relief from the operation of the judgment). His only allegations based on CR 60(b)(4) are that the DDES notice and order was invalid because the anonymous citizen complainant and the investigating DDES officer both trespassed on his property. These allegations do not constitute fraud, but rather a direct challenge to the validity of the underlying notice and order and the summary judgment. His

-6-

remedy for the alleged legal errors was to appeal the notice and order or the subsequent summary judgment. He did not appeal either decision and may not do so now in the guise of a motion to vacate.

Relief under CR 60(b)(11) is limited to "'extraordinary circumstances not covered by any other section of the rule.'" In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985) (quoting State v. Keller, 32 Wn. App. 135, 140, 647 P.2d 35 (1982)). Haversat's claims of ongoing vandalism of the property and the financial burden of compliance with the code do not constitute extraordinary circumstances warranting relief under CR 60(b)(11).

Finally, Haversat contends that the trial court erred in treating his motion to vacate as a motion for reconsideration and denying it as untimely under CR 59(b). In his motion for order to show cause, Haversat checked several boxes on the form to identify the provisions of CR 60(b) that he was relying on. But he did not cite any legal authority or present any legal argument indicating how these provisions applied to the facts of his case. He also devoted a significant portion of his supporting declarations to challenging the validity of the underlying notice and order and summary judgment.

Under the circumstances, the trial court did not mischaracterize Haversat's motion as an untimely attempt to seek reconsideration of the summary judgment. Moreover, the court's order denying the motion to vacate expressly rejected the

No. 67621-1-I/8

alleged due process violation and "irregularities," indicating that the court also considered the claims under CR 60(b).

Affirmed.

We concur: