

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 MAR -3 AM 9: 18

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>HEIDI KELLERMANN,<br><br>        Respondent,<br><br>and<br><br>NICHOLAS KELLERMANN,<br><br>        Appellant. | No. 69805-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br>FILED: March 3, 2014 |

APPELWICK, J. — Nicholas argues that the trial court erred in denying his CR 60(b)(11) motion to vacate an order of child support. He contends that his great financial hardship and inability to pay constitute extraordinary circumstances under CR 60(b)(11). We affirm.

## FACTS

This appeal arises from the trial court's entry of a child support order imputing Nicholas Kellermann's income and requiring him to pay $766 a month in child support. Nicholas and Heidi Kellermann[1] separated on June 1, 2010. They have two children together, ages four and seven at the time the trial court entered the child support order.

---

[1] We refer to the parties by their first names to avoid confusion.

Before trial, Nicholas moved to Northern Ireland to be with his new fiancée and their infant son. In October 2011, he applied for a residence permit to live and work in Northern Ireland, which he did not receive until April 2012. He was without his passport during that time, and could neither work in Northern Ireland nor return to the United States.

Nicholas did not submit a financial declaration or proof of income to the court before trial.

Trial was conducted in February 2012. Nicholas appeared by telephone, because he could not travel during that time. He was not represented by counsel. Heidi requested that the trial court impute a monthly income of $2,804 to Nicholas, because his income was unknown. This number was based on the average income for a man of Nicholas's age in good health with some college education. Heidi admitted that, during their marriage, Nicholas made nowhere near the imputed income.

The trial court expressed concern over this discrepancy. The court noted that "it feels odd for me to say to Mr. Kellermann, 'I'm imputing income at a rate higher than you've ever made in your life even when the two of you were together.'" Heidi argued in response that Nicholas was voluntarily unemployed and voluntarily moved to Northern Ireland, making him unable to work.

The court ultimately decided to impute Nicholas's income:

> I think I mentioned during the trial that I had some misgivings about [imputing Nicholas's income] in light of the fact that Mr. Kellermann apparently has never made the imputed income amount due to choices that they made as a couple and Mr. Kellermann made as a professional musician. But ultimately I decided that that was the best determinate of what his income should be at this juncture, because there is nothing really else to guide the decision.

2

The court explained that it followed the "default position" designated by the legislature, because Nicholas's income was unknown. Otherwise, the court reasoned, it would have to make up an income "out of whole cloth."

The trial court accordingly entered an order of child support on February 22, 2012. The court imputed an income of $2,804 to Nicholas and designated him as the obligor parent. Based on his imputed income, the court set Nicholas's monthly child support payments at $383 for each child, or $766 total.

Nicholas moved to vacate the child support order under CR 60(b)(11). He explained that he has never made much more than minimum wage. For instance, from March to October 2010, he worked for a staging company earning $12 per hour. From November to December 2010, he worked for a lighting company earning $10 per hour. From February to April 2011, he worked for a music store earning only $8 per hour. Nicholas did not state whether these were full or part time positions. With a background in music, he also gave sporadic music lessons, earning about $125 per month.

Nicholas further explained that he struggled to make the child support payments. He stated that his passport could be revoked if his arrears exceeded a particular amount. He disclosed that he has been unable to find employment in Northern Ireland and requested that the trial court impute his income at full-time minimum wage.

The trial court denied his motion to vacate. The trial court also denied Nicholas's subsequent motion for reconsideration.

Nicholas appeals.

## DISCUSSION

Nicholas argues that the trial court erred in denying his CR 60(b)(11) motion to vacate the child support order, because the order causes manifest injustice. He contends that the trial court set child support payments at an amount he will never be able to pay. He asserts that his great financial hardship and inability to pay satisfies the extraordinary circumstances requirement of CR 60(b)(11). We review a trial court's denial of a CR 60(b) motion for manifest abuse of discretion. Haley v. Highland, 142 Wn.2d 135, 156, 12 P.3d 119 (2000).

CR 60(b)(11) is a catch-all provision that allows courts to vacate an order for "[a]ny other reason justifying relief from the operation of the judgment." However, CR 60(b)(11) is not a blanket provision authorizing relief from judgment for all conceivable reasons. State v. Keller, 32 Wn. App. 135, 141, 647 P.2d 35 (1982). Rather, relief under CR 60(b)(11) is confined to extraordinary circumstances not covered by any other section of the rule. Id. at 140. We apply CR 60(b)(11) only "to serve the ends of justice in extreme, unexpected situations." In re Det. of Ward, 125 Wn. App. 374, 379, 104 P.3d 751 (2005). Such circumstances must relate to irregularities extraneous to the court's action or questions concerning the regularity of the court's proceedings. In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985).

In Hammack, the court held that a dissolution decree may be vacated to overcome manifest injustice. In re Marriage of Hammack, 114 Wn. App. 805, 810-11, 60 P.3d 663 (2003). There, the trial court correctly vacated a property settlement agreement under CR 60(b)(11), because the agreement was void as against public policy. Id. at 811. In contrast, a party's change in financial circumstances does not

4

justify vacating a dissolution decree under CR 60(b)(11). In re Marriage of Irwin, 64 Wn. App. 38, 64, 822 P.2d 797 (1992). Similarly, in Yearout, the court refused to vacate a separation agreement under CR 60(b)(11) where the husband argued that his unstable emotional condition and decreased earnings made the agreement unfair. 41 Wn. App. at 901-02.

Nicholas fails to show how any extraordinary circumstances exist here. RCW 26.19.071(6) requires a trial court to impute income to a parent who is voluntarily unemployed or voluntarily underemployed. The trial court must consider "the parent's work history, education, health, and age, or any other relevant factors." Id. When a parent fails to submit any record of his or her actual earnings, the statute then provides for several ways to calculate imputed income, in order of priority. Id. Last is the median net monthly income of year-round full-time workers in the United States. Id.

Nicholas voluntarily moved to Northern Ireland and surrendered his passport. Nothing indicates that Nicholas is incapable of working, nor does he allege as much. He is voluntarily unemployed for the purposes of RCW 26.19.071(6). The trial court considered his work history, his two years of college education, his health, and his age, as required by statute. Nicholas failed to provide a financial declaration or otherwise document his actual earnings history, which would have allowed the trial court to factor that in to the amount imputed. As a result, the trial court was required under the statute to impute his income in the manner it did. This does not violate public policy, like in Hammack. And, case law makes it clear that a change in the party's financial circumstances does not justify relief under CR 60(b)(11).

Nicholas's situation is entirely of his own making. The child support statute imputes income so parents cannot willfully shirk their child support obligations. RCW 26.19.071(6). As such, there are no extraordinary circumstances justifying relief from the child support order under CR 60(b)(11). The trial court did not abuse its discretion in denying Nicholas's motion to vacate on that basis.

We affirm.

Appelwick, J

WE CONCUR:

Leach, C.J.                          Becker, J.