RICHARD D. JOHNSON,
*Court Administrator/Clerk*

*The Court of Appeals*
of the
*State of Washington*
*Seattle*

DIVISION I
One Union Square
600 University Street
98101-4170
(206) 464-7750
TDD: (206) 587-5505

September 22, 2014

Stacey Lynne Smythe
Smythe Law Offices
33507 9th Ave S Ste H-2
Federal Way, WA, 98003-6397
stacey@smythelawoffices.com

Linda Carol Moravec
18617 8TH ST E
BONNEY LAKE, WA, 98391

Leslie Elizabeth Gilbertson
Leslie Gilbertson, Attorney at Law
11033 NE 24th St Ste 200
Bellevue, WA, 98004-2971
leslie.e.gilbertson@gmail.com

CASE #: 70944-5-I
Richard Warnick, Appellant v. Linda C. Moravec, Respondent

King County, Cause No. 11-3-04716-8.KNT

Counsel:

Enclosed is a copy of the opinion filed in the above-referenced appeal which states in part:

"Affirmed."

Counsel may file a motion for reconsideration within 20 days of filing this opinion pursuant to RAP 12.4(b). If counsel does not wish to file a motion for reconsideration but does wish to seek review by the Supreme Court, RAP 13.4(a) provides that if no motion for reconsideration is made, a petition for review must be filed in this court within 30 days.

In accordance with RAP 14.4(a), a claim for costs by the prevailing party must be supported by a cost bill filed and served within ten days after the filing of this opinion, or claim for costs will be deemed waived.

Should counsel desire the opinion to be published by the Reporter of Decisions, a motion to publish should be served and filed within 20 days of the date of filing the opinion, as provided by RAP 12.3 (e).

Sincerely,

Richard D. Johnson
Court Administrator/Clerk

jh

Enclosure
c:      The Honorable Regina Cahan


# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN RE: | ) | No. 70944-5-I |
| | ) | |
| RICHARD WARNICK, | ) | |
| | ) | DIVISION ONE |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LINDA MORAVEC, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: <u>September 22, 2014</u> |

SPEARMAN, C.J. — During mediation, Richard Warnick and Linda Moravec agreed to terms for orders dissolving their marriage and providing for the care and support of their child. When the parties could not agree to the entry of final orders after several months, the trial court advised Moravec to present orders consistent with the initial agreement and then file a motion to modify the parenting plan and child support order. Warnick appeals the trial court's order vacating the parenting plan and child support order entered based on this erroneous advice. Because Warnick fails to establish error, we affirm.

## FACTS

Warnick and Moravec married in August 1994. The couple had one son, K.W., on October 22, 1999, and then separated in January 2011. In July 2011, Warnick filed a petition for legal separation. At a mediation in June 2012,

Warnick and Moravec signed a Civil Rule (CR)2A agreement on terms of a decree of dissolution, a parenting plan, and a child support order. According to the agreement, Moravec was to "prepare final papers." Clerk's Papers (CP) at 9.

In March 2013, Moravec filed a motion to "enforce/modify" the terms of the CR2A agreement. Moravec contended that when drafting disputes arose following the mediation, Warnick refused to submit to arbitration by the mediator. Moravec asked the trial court to take testimony, resolve the drafting disputes, and enter final orders. In her supporting declaration, Moravec asserted that circumstances had so changed since the mediation that she no longer agreed to the terms of the parenting plan and child support order as described in the CR2A agreement. In particular, she claimed the agreed parenting plan terms were no longer in K.W.'s best interests because Warnick had spent only minimal residential time with K.W. She also argued that Warnick should pay additional child support because he had not been exercising the agreed level of residential time or supplying sufficient food or clothing to K.W. since the time of the agreement.

After a hearing on April 19, 2013, the trial court entered findings of fact and conclusions of law, a dissolution decree, a parenting plan, and a child support order. On April 26, 2013, Moravec filed a motion for an order suspending K.W.'s overnight residential time with Warnick "to prevent ... [e]motional harm to [K.W.]." CP at 146. Moravec alleged, "The child is emotionally upset and threatening to run away if forced to stay with his Father." CP at 146. On May 16, 2013, Moravec filed a motion to modify the parenting

plan and support order. Finding that the parties were aware of the circumstances described in the motion to modify at the time of the entry of the final orders, a commissioner denied the motion for a lack of adequate cause. Moravec filed a motion for revision.

The trial court held a hearing on Moravec's motion for revision on August 23, 2013. On August 28, the trial court entered an order denying the motion for revision and vacating the final parenting plan and child support order entered April 19. Referring to the April 19 hearing, the order states:

> Mother argued it was not in the best interest of the child to adopt the parenting plan and child support orders that correlated with the CR2A agreement based on allegations that father had not abided by the CR2A agreement and had gone five months without seeing his son. At that time, this court signed the final papers that corresponded to the CR2A and told the parties that the proper mechanism was to file for a modification. Upon reflection, this court recognizes that ruling was incorrect.
> In the CR2A agreement, later memorialized in the Parenting Plan signed by this court on 4/19/13, the son was to reside with his father every other weekend from Friday-Monday and alternating weeks Wednesday-Friday. This created a shared parenting plan. The parties had agreed to a deviation on the Child Support Order given the substantial residential time provided to the father. In the mother's declaration, she stated that in the ten months that transpired between the CR2A agreement and entering final papers, the father failed to abide by the agreement. The most concrete example was that there were no visits September- December 2012 and March 2013 and limited visits the other five months. She stated that it is difficult for her to get her 13 year old son to see his father because he is hurt and angry. She recommends counseling for the two of them and every other weekend daytime visits.
> In his declaration, the father simply says that he denies the allegations made in Mother's declarations. Nevertheless, he acknowledges that his relationship with his teenage son is challenging and that his son does not want to see him

consistently. He also concedes that professional counseling for the father and son would be beneficial.

...

When reviewing a parenting plan, the overriding interest is the best interest of the child. It appears that the parenting plan the court signed on 4/19/13 is not in the best interest of the child. Therefore, the Court vacates the Parenting Plan and the corresponding Child Support Order entered on 4/19/13. The child support order included a deviation for residential time. All other orders entered on 4/19/13 remain in effect.

CP at 251-52.

The trial court also entered a temporary parenting plan and a temporary child support order, set a new trial date, and ordered the parties to engage in alternative dispute resolution.

Warnick appeals.

ANALYSIS

Warnick first contends the trial court violated RCW 26.09.260 by modifying the parenting plan and child support order without a finding of a substantial change in circumstances. But Warnick misapprehends the nature and effect of the court's order, which *vacated*, rather than modified, the parenting plan and child support order and set the matter for trial.

CR 60(b)(11) allows a trial court to vacate an order for "[a]ny other reason justifying relief from the operation of the judgment." CR 60(b)(11) is confined to extraordinary circumstances when no other section of the rule applies. In re Marriage of Furrow, 115 Wn. App. 661, 673, 63 P.3d 821 (2003). The circumstances must relate to irregularities that are "extraneous to the action of the court or questions concerning the regularity of the court's proceedings." In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985) (citing State v.

4

Keller, 32 Wn. App. 135, 141, 649 P.2d 35 (1982)). "'[U]nusual circumstances'" justify application of CR 60(b)(11). Id.

Here, Moravec argued at the April 19, 2013 hearing that circumstances had so changed since the parties signed the CR2A agreement in June 2012 that the trial court should enter a final parenting plan and child support order reflecting those changes. But the trial court did not exercise its discretion to decide the terms of the final parenting plan and child support order regardless of the prior agreement of the parties. See RCW 26.09.070(3) (trial court is not bound by separation contract terms "providing for a parenting plan" and must review agreements as to child support for compliance with applicable statute). Instead, the trial court apparently advised Moravec that her only remedy was to request a modification after entry of final orders consistent with the previously agreed terms.

As the trial court later recognized, its incorrect advice and simultaneous failure to consider the change in circumstances between the parties' agreement and the April 19 hearing resulted in the entry of a final parenting plan that was not in K.W.'s best interests. The trial court properly determined that these unusual circumstances created an irregularity justifying the vacation of the parenting plan and child support order. See, e.g., In re Furrow, 115 Wn. App. at 674 (termination of parental rights in course of marital dissolution outside of relevant statutory framework was "irregularity of egregious proportions"). Because the order on appeal properly remedies the irregularity by vacating the prior orders and setting disputed matters for trial, Warnick fails to establish error.

5

Warnick also claims the trial court abused its discretion by increasing his child support obligation without notice and without allowing him to present evidence of his current income. We disagree.

RCW 26.09.060(6) authorizes the court to enter a temporary order of child support "in such amounts and on such terms as are just and proper in the circumstances." Here, the trial court stated that it determined the temporary child support amount based on "the worksheets the parties had agreed to in the CR2A … simply omitting the deviation for residential time." CP at 252. Warnick fails to demonstrate any abuse of discretion in the trial court's consideration of the circumstances here. And he will have an opportunity to present evidence of his current income at trial.

Affirmed.

Spearman, C.J.

WE CONCUR: