# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| VITO DeGRANDIS, an individual, | ) | No. 71422-8-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| JAMES STANFORD and JANE DOE STANFORD, in their individual capacities and as a marital community; and STANFORD DEVELOPMENT, INC., a Washington corporation, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| JANE DOE (KRISTENE) STANFORD, an individual, | ) ) | FILED: March 9, 2015 |
| Appellant. | ) | |

TRICKEY, J. — Where more than a year has passed, a party filing a motion to vacate a judgment must show extraordinary circumstances to warrant relief. Claims of legal errors are pursued under a direct appeal from the judgment, not from a denial of a CR 60 motion. Here, the defendant was properly served and failed to respond. The trial court did not abuse its discretion in denying the defendant's motion to vacate for either inadequate service or an error of law. Affirmed.

## FACTS

On November 29, 2010, Vito DeGrandis sued Stanford Development, Inc., a Washington corporation, together with James Stanford and Jane Doe Stanford, in their individual capacities and as a marital community, to recover monies owed on a promissory note executed by James Stanford dba Stanford Development, Inc. on

September 2008. Kristene Stanford was married to James Stanford, the owner of Stanford Development, Inc. at the time.

On December 4, 2010, a summons and complaint was served personally on James Stanford at his residence. James also accepted a second summons and complaint on behalf of Kristene at their residence. On December 10, 2010, Kristene filed for legal separation. On December 27, James, pro se, filed a response to the complaint. James's response did not indicate that he was replying for Kristene. Kristene did not respond.

DeGrandis moved for summary judgment, mailing the motion to the address supplied on James's response. There was no response to the summary judgment. Judgment was entered against all defendants on July 8, 2011. At the time the summary judgment was entered, Kristene was living in Washington and James had moved to Arizona. In October 2012, Kristene moved to Alaska, and she and James began to reconcile. Kristene was unaware that a judgment had been issued against her individually until she and James attempted to sell their house in Lynden, Washington.

On December 2, 2013, Kristene moved to vacate the judgment under CR 60. The trial court denied the motion. Kristene appeals.

### ANALYSIS

Kristene argues that the trial court erred in not vacating the judgment against her. She asserts that she was unaware of the initial service upon her, that she was not notified of the summary judgment motion, and finally that the trial court erred in entering a judgment against her in her individual capacity as a matter of law.

Generally, we will not reverse a trial court's denial of a motion to vacate under CR 60 unless the court manifestly abused its discretion. Haley v. Highland, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006); CR 60.

Unlike an appeal, a CR 60(b) motion is not a means of correcting errors of law. Burlingame v. Consol. Mines & Smelting Co., 106 Wn.2d 328, 336, 722 P.2d 67 (1986). Thus, Kristene's appeal of the order denying her motion to vacate does not allow her to raise legal issues about the summary judgment order she seeks to vacate. See Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

We review questions of whether service was proper de novo. Scanlan v. Townsend, 181 Wn.2d 838, 336 P.3d 1155, 1159 (2014). Substitute service of process is effective when a copy of the summons is left at the defendant's "usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(15); Blankenship v. Kaldor, 114 Wn. App. 312, 316, 57 P.3d 295 (2002) (citing Sheldon v. Fettig, 129 Wn.2d 601, 607, 919 P.2d 1209 (1996)). Here, there is no dispute that Kristene was a resident of the house where the complaint was served at the time James accepted service on her behalf. See In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985) (relief under CR 60(b)(11) is limited to extraordinary circumstances not covered by any other section of the rule). The fact that the parties separated shortly thereafter is immaterial.

Indeed, Kristene's reply brief admits that she does not dispute that she was served the summons and complaint.[1] Rather, she argues that she was not served with notice of the summary judgment motion and subsequent pleadings. But a party who has failed to respond to a complaint is not entitled to notices of subsequent procedures. CR 5(a).[2]

Kristene argues that DeGrandis should not be entitled to judgment against her because he did not file a notice of default. But Kristene's reliance upon CR 55(a)(3) for that proposition is misplaced. CR 55(a)(3) requires notice of a motion for default to "[a]ny party who has appeared in the action." Kristene did not appear as she failed to answer the summons.

The facts here show that the only party who responded to the summons and complaint was James.[3] His response included the address where he maintained a business. Notice of summary judgment was appropriately sent to that address. James did not respond to the summary judgment notice.

The trial court did not abuse its discretion in determining that Kristene's unawareness of deadlines and subsequent motions were not circumstances that amounted to a mistake, inadvertence, surprise, excusable neglect, or irregularity under CR 60; nor did those issues rise to the level of extraordinary circumstances under CR

---

[1] Appellant's Reply Br. at 6.
[2] CR 5(a) provides, in pertinent part:
   No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in rule 4.
[3] Kristene's argument that James's response was irregular because it amounted to an appearance on her behalf violating Washington's prohibition of a non-attorney representing another is without merit. James's response does not purport to represent Kristene.

60(b)(11). See Yearout, 41 Wn. App. at 902 (relief under CR 60(b)(11) is limited to extraordinary circumstances not covered by any other section of the rule).

Finally, Kristene argues that as a matter of law she should not have been held individually liable for the debt. In support, she cites Max L. Wells Trust v. Grand Central Sauna & Hot Tub Co., 62 Wn. App. 593, 604, 815 P.2d 284 (1991). There, the court held that the trial court should not have entered judgment individually against the wives of husbands who were partners in a tenant partnership. Wells Trust, 62 Wn. App. at 604.

Even if it was error to enter the judgment against Kristene individually, Kristene failed to appear and argue the issue or appeal the judgment. This case is more similar to Haley v. Highland, 142 Wn.2d 135, 158, 12 P.3d 119 (2000). In Haley, an oral ruling of the trial court indicated that the judgment against Haley was a separate liability for each party, while the judgment in Haley's favor was a community asset and thus the judgments could not be executed to satisfy each other. 142 Wn.2d at 157. The trial court's written order cited RCW 26.16.200 as controlling the disposition of the case. Highland did not appeal that portion of the order. Instead, Highland moved to vacate the order under CR 60(b)(1), (4). In denying his motion, the court noted that Highland was attempting to use CR 60(b) to reach the merits of an issue that he had not appealed. Haley, 142 Wn.2d at 158. Further, the Supreme Court agreed with the trial court's ruling, holding that the "error claimed by defendant is not an irregularity but a conclusion of law, and as such is not properly to be vacated [u]nder Civil Rule 60." Haley, 142 Wn.2d at 158 (alteration in original).

Similarly, here, it is the conclusion of law as to Kristene's individual liability that is being appealed. "The exclusive procedure to attack an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60(b) motion." Bjurstrom, 27 Wn. App. at 451. As noted previously, Kristene was properly served and failed to respond. The trial court did not abuse its discretion.

DeGrandis requests an award of attorney fees based on the filing of a frivolous appeal under RAP 18.9(a). "An appeal is frivolous if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). We conclude that Kristene's arguments, although generally weak, are not frivolous under the governing standard. We therefore deny DeGrandis's request for attorney fees.

Affirmed.

Trickey, J.

WE CONCUR:

Spearman, C.J.