**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Marriage of<br><br>SHIRLEY QUACH,<br><br>      Respondent,<br><br>and<br><br>RANDY STRUCK,<br><br>      Appellant. | No. 87198-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Randy Struck appeals the denial of his CR 60(b) motion to vacate a final dissolution order related to his marriage to Shirley Quach. Struck argues the trial court abused its discretion because Quach committed fraud or misrepresentation under CR 60(b)(4) and extraordinary circumstances warrant relief under CR 60(b)(11). We affirm.

I

Quach and Struck married in 2016. Quach has three adult children from a prior relationship and Struck has two adult children from a prior relationship. They have no children together. Struck was born during the Vietnam War to an American father and Vietnamese mother. Struck speaks conversational English; but Struck cannot read or write in English or Vietnamese. He has learned only how to read and write his name.

During their marriage, Quach and Struck owned a three-bedroom house located in Everett, Washington (the property). Struck, a construction worker, added four bedrooms to the house. Two of Quach's children lived at the house and the parties rented rooms to tenants.

On August 23, 2023, Struck signed a quitclaim deed as the grantor and transferred the property to Quach for no consideration. The deed was recorded in Snohomish County on August 28, 2023.

On October 11, 2023, Quach petitioned for dissolution. Struck joined the petition and waived notice. The petition included reference to and sought enforcement of the quitclaim deed signed on August 23, 2023. Struck and Quach signed the findings and conclusions and the final dissolution decree on October 13, 2023. The final decree listed the property as Quach's separate property and included the following notation: "Acknowledge and affirm the quitclaim deed has signed between the parties on August 23, 2023, and filed with the tax assessor's office." Each party agreed to pay debts in their name.[1]

The final dissolution decree was entered on February 16, 2024. The trial court in its findings and conclusions described the property as Quach's separate property and that the community property had already been divided fairly between the parties. The

---

[1] On January 24, 2024, the trial court sent a dissolution calendar rejection notice to Quach which stated: "the BECU and Chase debts are included for both parties to pay. Do not believe this was intended. If it was intended what portion is each party ordered to pay?" Accordingly, the list of debts in the final order appears to have been added on January 29, 2024 by initial of "SQ" and "SR." This included the following debts allocated to Quach totaling about $448,000: Serve Bank, BECU Heloc, BECU, and Chase Bank. There were no debts allocated to Struck.

trial court found there was no community debt and that Quach was assuming all community debts, and that separate debt had already been divided fairly.

On July 12, 2024, Struck moved for an order to show cause and to vacate the final dissolution order under CR 60(b)(1), (4), and (11), and CR 60(c). Struck asserted that when he signed the quitclaim deed he thought he was signing documents that allowed Quach to sell an RV that the parties co-owned. Struck stated that when Quach presented the dissolution documents to him, she told him the property would be kept in both of their names and they would continue to pay the mortgage together. Struck stated that he signed everything Quach gave him because he trusted her completely. Struck described that after he signed the documents, he continued to live in the house and continued to give Quach money for expenses and the mortgage. Struck explained that it was not until he sought counsel to help him understand the dissolution papers that he realized "she took everything." He claimed Quach "swapped out papers" and forged his initials.

On August 27, 2024, the trial court determined that Struck failed to meet the burden of proof of clear and convincing evidence, failed to brief and adequately cite legal authority in support of his arguments, and denied his motion. Struck appeals.

II

"We review a trial court's decision on a CR 60(b) motion for abuse of discretion." Winter v. Dep't of Soc. & Health Servs. on behalf of Winter, 12 Wn. App. 2d 815, 829, 460 P.3d 667 (2020). A court abuses its discretion if it makes its ruling on untenable grounds or for untenable reasons or bases its ruling on an erroneous view of the law. Winter, 12 Wn. App. 2d at 829.

-3-

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.

In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997). When a party appeals a trial court's ruling on a CR 60(b) motion, our review is limited to the decision to deny the motion, not the underlying order that the party sought to vacate. Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

Struck first argues the trial court abused its discretion by denying his motion to vacate under CR 60(b)(4). He asserts the trial court erroneously narrowed the scope of CR 60(b)(4) by requiring the fraud or misrepresentation be made to the court. We disagree.

CR 60(b)(4) allows for vacation of a judgment for fraud, misrepresentation, or other conduct of an adverse party. Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990). "The rule does not, however, permit a party to assert an underlying cause of action for fraud that does not relate to the procurement of the judgment." Lindgren, 58 Wn. App. at 596. "The fraudulent conduct or misrepresentation must cause the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense." Lindgren, 58 Wn. App. at 596 (citing Peoples State Bank v. Hickey, 55 Wn. App. 367, 372, 777 P.2d 1056 (1989)). "The party attacking a judgment under CR 60(b)(4) must establish the fraud, misrepresentation, or other misconduct by clear and convincing evidence." Lindgren, 58 Wn. App. at 596. When reviewing an order denying a motion to vacate pursuant to CR 60(b)(4), the

appellate court's review is limited to determining whether the evidence shows that fraud, misrepresentation, or misconduct was highly probable. Dalton v. State, 130 Wn. App. 653, 666, 124 P.3d 305 (2005).

The trial court did not erroneously apply or narrow the scope of CR 60(b)(4). Struck was required to show by clear and convincing evidence that the alleged fraud or misrepresentation caused the trial court to enter the final dissolution order. In other words, that the agreed terms of the dissolution order were procured by Quach's fraud, misrepresentation, or misconduct. By his own admission, Struck signed the quitclaim deed and the dissolution orders willingly even though he could not read the documents himself. Otherwise, Struck relies primarily on conclusory, self-serving declarations to support the allegations of fraud. Accordingly, we cannot say the trial court abused its discretion in declining to vacate the order under CR 60(b)(4).

Second, Struck argues the trial court abused its discretion by denying the motion to vacate and failing to address CR 60(b)(11). We disagree.

The use of CR 60(b)(11) "should be confined to situations involving extraordinary circumstances not covered by any other section of the rule." Yearout v. Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985) (quoting State v. Keller, 32 Wn. App. 135, 140, 647 P.2d 35 (1982)). "Such circumstances must relate to irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings." Yearout, 41 Wn. App. at 902. The rule has typically been invoked in unusual situations involving reliance on mistaken information. The circumstances of this case do not justify relief under CR 60(b)(11). No grounds were alleged that were

not also alleged under CR 60(b)(4).  The grounds argued do not constitute circumstances not covered by any other section of the rule.

For these reasons, the trial court did not abuse its discretion by denying Struck's motion to vacate the final dissolution order.[2]

We affirm.[3]

_Mann, J._

WE CONCUR:

_Birk, J._                    _Chung, J._

---

[2] For the first time on appeal, Struck argues the trial court erred by considering the declaration of Quach because it was hearsay.  An appellate court "may refuse to review any claim of error which was not raised in the trial court."  RAP 2.5(a); Roberson v. Perez, 156 Wn.2d 33, 39, 123 P.3d 844 (2005). And Struck provides no argument that this is an error that may be considered for the first time on appeal under the exceptions specified in RAP 2.5(a).  Accordingly, because Struck failed to raise this argument below we decline to address it.

[3] Quach requests an award of attorney fees and costs on appeal.  RCW 26.09.140 grants this court discretion to award attorney fees and costs to a party on appeal of a dissolution matter.  While Quach is the prevailing party, we decline to award attorney fees and costs.