[No. 40219-6-I.    Division One.    November 8, 1999.]

EDITH LUCKETT, *Appellant*, v. BOEING COMPANY, ET AL.,
*Respondents.*

*Kevin L. Gibbs*; and *Douglass Alan North* of *Maltman, Reed, North, Ahrens & Malnati, P.S.*, for appellant.

*Joan Caplan Clarke* of *Perkins Coie*, for respondents.

*Michael Simpson Rogers* of *Reed McClure*, on behalf of Washington Defense Trial Lawyers, amicus curiae.

*Bryan Patrick Harnetiaux* and *Debra Leigh Stephens* on behalf of Washington State Trial Lawyers Association Foundation, amicus curiae.

WEBSTER, J. — In Appellant Edith Luckett's discrimination suit against Respondent Boeing, Luckett's attorney failed to file a confirmation of joinder or statement of arbitrability and subsequently failed to appear at two status conferences. The trial court dismissed Luckett's action without prejudice because the confirmation of joinder had not been filed. Four months after becoming aware that the action had been dismissed but within one year of the dismissal, Luckett's attorney filed a motion to vacate the order. The trial court denied the motion. We hold that a motion brought under CR 60(b)(1) may be untimely if it is not made within a reasonable time even if it is filed within one year from the date of the judgment, order, or proceeding from which relief is sought. Although we prefer the resolution of cases on their merits, we affirm the trial court's denial of Luckett's motion to vacate because it was not an abuse of discretion to find that the motion was untimely.

## BACKGROUND

Luckett filed a discrimination action against Boeing in the King County Superior Court on June 6, 1995. Pursuant to local rule and the trial·court's order setting the case schedule, Luckett was required to file a confirmation of joinder of parties by November 14, 1995. Because Luckett failed to file the confirmation of joinder, the parties were required, again pursuant to local rule and the case schedule order, to appear at a status conference scheduled for November 28, 1995. Luckett's attorney and his legal assis-

tant state that the confirmation of joinder[1] was not filed due to oversight because the legal assistant was required to take maternity leave earlier than expected. Not realizing that the confirmation of joinder had not been filed, Luckett's attorney failed to attend the November 28 status conference. The trial court issued an order continuing the status conference to January 2, 1996, unless the confirmation of joinder was filed. The order indicated that failure to comply was grounds for dismissal. Luckett's attorney states that he never received a copy of the November 28 order. He did not file the confirmation of joinder and did not attend the January 2, 1996, status conference.

On January 2, 1996, the trial court found that the confirmation of joinder had not been filed and dismissed Luckett's action without prejudice. Luckett's attorney states that he did not learn that the action had been dismissed until August 1996. Luckett's attorney filed a motion to vacate the order of dismissal on December 31, 1996. The trial court denied the motion to vacate on January 16, 1997. The order does not state grounds for the denial of the motion to vacate and there is not a transcript of any hearing in the record. On a printed January 16, 1997, 1:30 P.M. motions calendar for Judge Hayden, a handwritten, unsigned note states: "Court finds initial failure to send in Statement of Arbitrability was excusable neglect, however failure to file this motion timely is not excusable—Motion denied. Order signed." Clerk's Papers at 47. Luckett appeals.

## STANDARD OF REVIEW

■ A trial court's decision to vacate a judgment or order under CR 60(b) is reviewed for abuse of discretion. *See Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979); *State v. Santos*, 104 Wn.2d 142, 145, 702 P.2d 1179 (1985); *Lane v. Brown & Haley*, 81 Wn. App. 102, 105, 912 P.2d 1040 (1996). "Discretion is abused when it is

---

[1]The legal assistant refers to a statement of arbitrability rather than a confirmation of joinder. The case schedule required one or the other, as appropriate under local rule, by November 14, 1995.

exercised on untenable grounds or for untenable reasons." *Lane*, 81 Wn. App. at 105. An abuse of discretion is less likely to be found where a default judgment is set aside.[2] *See Griggs*, 92 Wn.2d at 582.

## ANALYSIS

A. CR 60(b)

CR 60(b) provides, in part:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

. . . .

The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken.

B. A CR 60(b)(1) Motion May Be Untimely Even Though Brought Within One Year

■ We hold that a motion brought under CR 60(b)(1) is timely only if it is filed within a reasonable time *and* not more than one year from the date of the judgment, order, or proceeding from which relief is sought. The parties, amici, and practice guides all agree with this conclusion, and the history of the rule, the construction of the plain language of the rule, and interpretations of the federal counterpart all support our holding.[3]

First, CR 60(b) was adopted in 1967 and succeeds RCW 4.72.010-.090, which remain effective. *See State v. Scott*, 92

---

[2]Although the present case does not involve a default judgment, it is similar in the aspect that there has been no hearing on the merits.

[3]Luckett concedes in her response to amici that motions under CR 60(b)(1) are subject to two independent time requirements.

Wn.2d 209, 212, 595 P.2d 549 (1979). Where differences exist between a statute and a procedural rule adopted by the Supreme Court, the rule controls. *See id.* The time limitation on vacation of judgments provided in RCW 4.72.020 mandates that a motion to vacate be brought within one year but does not include the reasonableness requirement. Thus, we find that the additional reasonable time requirement in CR 60(b) is significant. *See Scott,* 92 Wn.2d at 212. We will not interpret the reasonableness requirement to be equivalent to the one-year limitation for subsections (1), (2), and (3), as Luckett suggests in her opening brief, because this would render the reasonableness requirement meaningless for those subsections.

Second, the plain language of CR 60(b) creates two separate time requirements applicable to subsections (1), (2), and (3) of the rule. The first time requirement, that the motion to vacate be made within a reasonable time, is applicable to all subsections of the rule. The second time requirement, that a motion to vacate under subsections (1), (2), or (3) be made not more than one year from the judgment, is linked conjunctively to the first requirement. Thus, a motion brought under CR 60(b)(1), (2), or (3) is timely only if it meets *both* time requirements.

Third, we find support in the interpretation of very similar language in FEDERAL RULE OF CIVIL PROCEDURE 60(b).[4] Because the time limitations of CR 60(b) parallel those in the federal rule, analysis of the federal rule may be looked to for guidance and followed if the reasoning is persuasive. *See Beal v. City of Seattle,* 134 Wn.2d 769, 777, 954 P.2d 237 (1998); *see also Pybas v. Paolino,* 73 Wn. App. 393, 402, 869 P.2d 427 (1994) (looking to federal decisions in interpreting CR 60(b)(1)). Federal courts consistently interpret the time requirements in the federal rule to mean that a motion under Rule 60(b)(1) must be made within a reasonable time and in no event later than one year from

---

[4]The pertinent portion of the federal rule provides: "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b).

the judgment. *See, e.g., Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981); *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir. 1986); *White v. American Airlines, Inc.,* 915 F.2d 1414, 1425 (10th Cir. 1990).[5]

Moreover, practice guides confirm the uniformity of this interpretation. *See* 4 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE § 723 (4th ed. 1992) ("[T]he one-year time limit on the first three grounds is merely the outermost limit; in individual cases, the court may find that the motion should have been earlier made."); 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2866, at 386 (2d ed. 1995) ("The one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired.").

C. The Trial Court Did Not Abuse Its Discretion in Denying the Motion to Vacate

█ What constitutes a reasonable time depends on the facts and circumstances of each case. *See In re Marriage of Thurston,* 92 Wn. App. 494, 500, 963 P.2d 947 (1998), *review denied,* 137 Wn.2d 1023, 980 P.2d 1282 (1999); *State ex rel. Campbell v. Cook,* 86 Wn. App. 761, 766, 938 P.2d 345, *review denied,* 133 Wn.2d 1019, 948 P.2d 387 (1997). *See also In re Pacific Far E. Lines, Inc.,* 889 F.2d 242, 249 (9th Cir. 1989); 11 FEDERAL PRACTICE § 2866, at 382. The critical period in the determination of whether a motion to vacate is brought within a reasonable time is the period between when the moving party became aware of the judgment and the filing of the motion. *See Suburban Janitorial Servs. v. Clarke Am.,* 72 Wn. App. 302, 308, 863 P.2d 1377 (1993). Major considerations in determining a motion's timeliness are: (1) prejudice to the nonmoving party due to the delay, and (2) whether the moving party has good reasons for failing to take appropriate action sooner. *See Thurston,* 92 Wn.

---

[5]Other jurisdictions interpreting state counterparts to FED. R. CIV. P. 60(b) are in accord. *See, e.g., In re Marriage of Larson,* 257 Kan. 456, 894 P.2d 809, 813 (1995); *Savas v. Savas,* 181 W. Va. 316, 382 S.E.2d 510, 512 (1989); *Waldeck v. Domenic Lombardi Realty, Inc.,* 425 A.2d 81, 83 (R.I. 1981).

App. at 500. *See also Kagan*, 795 F.2d at 610 (in determining what constitutes a reasonable time, the court should consider the facts of each case, the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties).

We find that the trial court did not abuse its discretion in denying the motion to vacate under the facts of this case. The record shows that Luckett's attorney became aware in August 1996 that the action had been dismissed but waited until December 31, 1996, to file a motion to vacate the order of dismissal. Although Boeing does not show how it is prejudiced by Luckett's delay, Luckett fails to put forth any good reason for her attorney's four-month delay in bringing a motion to vacate. Luckett concedes in her response to amici that she makes a poor showing of diligence. Her attorney states only that the delay resulted from his agonizing over the matter. The record does not disclose any evidence of an incapacitating emotional distress. We do not think that Luckett's attorney's inner turmoil over his lack of diligence justifies a four-month delay in bringing a motion to vacate a dismissal order. *See Kagan*, 795 F.2d at 611 (affirming the trial court's denial of a motion to vacate a dismissal order brought less than four months after the plaintiff learned of the order where the case had been dismissed for lack of prosecution because the plaintiff failed to respond to the motion to dismiss and failed to appear for the pretrial conference); *Central Operating Co. v. Utility Workers of Am.*, 491 F.2d 245, 253 (4th Cir. 1974) (finding that the trial court did not abuse its discretion in denying a motion to vacate where the defendants waited almost four months after receiving notice of the default judgment to bring the motion).

We recognize that Washington law shows a strong preference for deciding cases on the merits. *See Griffith v. City of Bellevue*, 130 Wn.2d 189, 192, 922 P.2d 83 (1996); *Griggs*, 92 Wn.2d at 581. We do not seek to degrade that principle

here but recognize that weighted against this principle is the need for a structured, orderly judicial system. *See id.* We cannot say that the trial court abused its discretion for refusing to excuse the lack of diligence demonstrated by Luckett's attorney where no valid reason for the delay was offered.

Luckett asserts that the denial of her motion to vacate must be reversed because the trial court failed to consider the law's preference for resolving cases on their merits and failed to apply the proper legal analysis, which she asserts is provided in *White v. Holm*, 73 Wn.2d 348, 438 P.2d 581 (1968). The *White* court set forth four factors for consideration in determining whether a default judgment should be set aside: "(1) That there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party." *Id.* at 352. The first two factors are primary. *See id.* The burden is on the moving party to demonstrate that the *White* factors are satisfied. *See id.*

Here, although Luckett argues on appeal that the trial court failed to consider whether she had established a meritorious claim, she failed to bring the *White* factors to the trial court's attention and did not attempt to persuade the trial court on the merits of her claim, which was her burden. Furthermore, we note that timeliness was not an issue in *White*, where the default judgment was obtained 29 days after the complaint was filed and the motion to vacate was brought only 11 days after the default judgment. Thus, we think that the *White* factors are most appropriately applied not to the question of timeliness but rather to determining whether sufficient grounds exist for vacating a judgment under CR 60(b)(1). CR 60(b) makes the question of the timeliness of a motion to vacate analyti-

cally distinct from the reasons for which relief from a judgment may be granted.

## CONCLUSION

Although we prefer the resolution of cases on their merits, we cannot say in this case that the trial court abused its discretion in denying Luckett's motion to vacate a dismissal order where her attorney waited four months after learning of the dismissal to move for vacation and offered no good reason for his lack of diligence. Thus, we affirm.

Cox and APPELWICK, JJ., concur.

Reconsideration denied December 17, 1999.

Review denied at 140 Wn.2d 1026 (2000).