

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of | ) |
| | ) No. 75896-9-I |
| HALA ABOU-ZAKI, | ) |
| | ) DIVISION ONE |
| Appellant, | ) |
| | ) UNPUBLISHED OPINION |
| and | ) |
| | ) |
| HOUSSAM MADI, | ) |
| | ) |
| Respondent. | ) FILED: January 22, 2018 |
| | ) |

APPELWICK, J. — The trial court denied Abou-Zaki's motion to vacate portions of a dissolution decree entered eight years earlier on the basis that it was obtained through fraud, misrepresentation, or misconduct. We affirm.

## FACTS

Hala Abou-Zaki and Houssam Madi were married in 2002. On April 2, 2008, Abou-Zaki and Madi filed a joint petition for dissolution of marriage in King County Superior Court. The petition asked that Madi be awarded the family home, and that he would be solely responsible for all expenses, bills, and mortgage that pertain to the home. It further asked that at the time of sale or refinance of the home, Abou-Zaki would be the listing agent and would receive $15,000 from the proceeds, including any commission. And, the petition requested that Abou-Zaki pay all credit cards and consolidation loan debt, and that Madi would be

responsible for the first and second house mortgage, and any bills pertaining to the house.

On July 3, 2008, the trial court entered a decree of dissolution. The decree partially tracked the joint petition. The order awarded the family home to Madi. It did not state that Abou-Zaki would receive $15,000 from the sale or refinance of the home. It also did not include the specific provision that Madi would be responsible for the first and second house mortgage, but instead stated that he would pay liabilities to Wachovia and Bank of America, for $240,000 and $60,000, respectively.

In 2011, the parties entered into a lease to purchase option agreement for the home that had been awarded to Madi in the dissolution decree. The contract stated, "Currently Seller [Madi] owes Hala Abou-Zaki $15,000 as part of a divorce settlement. Hala Abou-Zaki releases Seller from having to pay that money as consideration for entering this lease option purchase agreement."

On June 17, 2016, Abou-Zaki moved to vacate the portions of the 2008 dissolution decree pertaining to the division of property and allocation of debt. Abou-Zaki moved to vacate under CR 60(b)(4) and CR 60(b)(11). She alleged that the final order did not include the specific provisions regarding the division of property and allocation of debt between the parties included in the joint petition and that the changes were entered without notice to her.

On September 26, 2016 the trial court denied Abou-Zaki's motion to vacate. The court found that Abou-Zaki knew or should have known in 2011 that the clause indicating Madi would pay her $15,000 after the sale of the house was missing

from the decree. The court also concluded that Abou-Zaki had not filed the motion to vacate within a reasonable time under CR 60(b). Abou-Zaki appeals.

## DISCUSSION

### I. CR 60(b) Ruling

Abou-Zaki's sole argument is that the trial court erred when it declined to vacate certain paragraphs of the dissolution decree, because Madi obtained the decree through fraud, misrepresentation, and misconduct.

In her motion to vacate, Abou-Zaki relied on CR 60(b)(4) and (11). CR 60(b) partly states:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; [or]
>
> . . . or
>
> (11) Any other reason justifying relief from the operation of the judgment.

A trial court's decision to vacate a judgment or order under CR 60(b) is reviewed for abuse of discretion. Luckett v. Boeing Co., 98 Wn. App. 307, 309, 989 P.2d 1144 (1999). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. Id. at 309-10.

A. Fraud, Misrepresentation, or other Misconduct

Under CR 60(b), the party requesting the relief from an order for fraud, misrepresentation, or other misconduct must show misconduct that prevented a full and fair presentation of its case. Dalton v. State, 130 Wn. App. 653, 665, 124 P.3d 305 (2005). And, proof of misconduct must be clear, cogent, and convincing. Id. Generally, substantial evidence must be highly probable where the standard of proof in the trial court is clear, cogent, and convincing evidence. Id. at 666. CR 60(b)(4) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect. Id. at 668.

Abou-Zaki contends that (1) there is clear and convincing evidence that she relied on Madi's misrepresentations in believing that the dissolution decree was entered in accordance with the joint petition, and (2) there is a connection between Madi's misrepresentations to the court and obtaining the judgment. She argues as evidence that she relied on the misrepresentations that she continued to request money that she thought she was owed. To support this assertion, she cites to her declaration in support of her motion to show cause why the dissolution decree should not be vacated. It states,

> 13. The court may have a question as to why it took me eight years to be able to discover that Mr. Madi is not paying me the $15,000 he owes me.

> 14. First of all, he never sent me a copy of the Decree. Second of all, when I asked him for it, he refused to give it to me. Third, he told me that the Decree specifically provided for the $15,000 up until recently. A short time ago, I went down to King County and got the Decree myself. That is when I discovered that Mr. Madi had committed a misrepresentation and misconduct in

having the Decree entered with the omissions and inconsistent language.

She also argues that Madi must have misrepresented the contents of the joint petition to the court commissioner, therefore, the judgment was unfairly obtained. She cites the joint petition and dissolution decree as evidence.

The trial court did not find this evidence compelled vacating portions of the decree. In its order denying the motion to vacate, it states,

5. In 2011, Ms. Abou-Zaki and Mr. Madi entered into a lease purchase contract for the property granting Ms. Abou-Zaki the right to purchase the property.

6. The contract contained a clause providing that in consideration of entering into the contract, Ms. Abou-Zaki gave up the right to collect the $15,000 from the dissolution action.

7. The court finds that the Petitioner knew or should have known about the missing clause in the decree in 2011.

8. The Court give[s] no credence to the claim that she was not given a copy of the decree as it was within her power to get one from the Clerk's office.

On this record, we agree that there is not substantial evidence that it was highly probable Madi obtained the decree through fraud, misrepresentation, or misconduct. And, setting aside a judgment eight years after it was entered is not warranted. See Peoples State Bank v. Hickey, 55 Wn. App. 367, 371-72, 777 P.2d 1056 (1989) (Affirming a denial to vacate a foreclosure when Hickey did not move to vacate for two and half years, even though the court found Peoples Bank had misrepresented the status of Hickey's lien.) Thus, the trial court did not abuse its discretion in finding that Abou-Zaki knew or should have known about the missing language in the dissolution decree.

Abou-Zaki also asserts that the trial court erred when it denied her motion to vacate based solely on fraud. She cites to the court's order denying the motion to vacate.[1] But, the order does not state that it is relying solely on fraud.

B. Any Other Reason Justifying Relief

Abou-Zaki argues under CR 60(b)(11) that the court has authority to vacate the decree, because Madi's statements to her that the decree mirrored the joint petition is an extraordinary circumstance not otherwise covered by the rules. And, she argues there is a question of regularity of the proceedings, because the dissolution decree entered did not conform to the joint petition.

CR 60(b)(11) applies sparingly to situations involving extraordinary circumstances not covered by any other section of the rules. In re Marriage of Knutson, 114 Wn. App. 866, 872-73, 60 P.3d 681 (2003). Such circumstances must relate to irregularities extraneous to the action of the court or questions concerning the regularity of the court's proceedings. Id. at 873. There is a need for the presence of unusual circumstances before CR 60(b)(11) will be applied. Yearout v. Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985).

Here, Abou-Zaki claims that Madi obtained the decree through fraud, misrepresentation, or misconduct. She asked the trial court to set aside the order for those reasons. Abou-Zaki's claims that Madi misrepresented the decree to her and that the decree did not mirror the joint petition, do not constitute an extraordinary circumstance that would justify relief under CR 60(b)(11).

---

[1] Abou-Zaki did not arrange for a transcript of the trial proceedings, so we rely on the record designated on appeal.

C. Timeliness

Even if we were to conclude that the circumstance were extraordinary, the record also supports the trial court's determination that Abou-Zaki's motion was not made in a timely manner, as required under CR 60(b). What constitutes a reasonable time depends on the facts and circumstances of each case. Luckett, 98 Wn. App. at 312. In determining whether a motion to vacate is brought within a reasonable time, the court looks primarily to the period between when the moving party became aware of the challenged judgment and the filing of the motion. See id. Major considerations in determining a motion's timeliness are (1) prejudice to the nonmoving party due to do the delay, and (2) whether the moving party has good reasons for failing to take appropriate action sooner. Id.

Abou-Zaki filed her motion to vacate on June 17, 2016. This was nearly eight years after the dissolution decree was entered. Abou-Zaki claims she did not know the language of the judgment until 2016. She also argues that there is no prejudice to Madi. And, she argues that she had good reasons for failing to take action sooner. because Madi had repeatedly misrepresented the decree contents to her. She asserts that in 2016 Madi had an agent offer her a settlement for the money to which she thought she was entitled under the decree. There is no evidence of this in the record. The trial court found from the documentary evidence that Abou-Zaki knew or should have known about the missing clause in the decree in 2011. Because Abou-Zaki fails to provide any evidence to justify such a lengthy delay, the trial court did not abuse its discretion in determining that the motion to vacate was untimely.

7

II. <u>Attorney Fees</u>

Both parties request attorney fees on appeal. Abou-Zaki argues that she is entitled to attorney fees, because but for Madi's misconduct and misrepresentations the decree would never have been entered, never giving rise to the motion to vacate. She also seeks attorney fees pursuant to RCW 26.09.140. Madi argues that he is entitled to attorney fees, pursuant to RAP 18.9(a), as a sanction for bringing a frivolous appeal.

Abou-Zaki's request for attorney fees is denied, because we do not find substantial evidence that Madi obtained the dissolution decree through fraud, misconduct, or misrepresentations.

When determining whether an appeal warrants sanctions pursuant to RAP 18.9(a), we are guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal. <u>Green River Cmty. Coll., Dist. No. 10 v. Higher Educ. Pers. Bd.</u>, 107 Wn.2d 427, 443, 730 P.2d 653 (1986). Our Supreme Court has found sanctions to be appropriate when a party refused to accept its decision in a previous case and continued in a frivolous appeal. <u>See</u> <u>Boyles v. Dep't of Ret. Sys.</u>, 105 Wn.2d 499, 507-08, 716 P.2d 869 (1986). Here we cannot say that there were "no debatable issues upon which reasonable minds

might differ." Id. at 506-07. Thus, we do not find that this appeal merits an award under RAP 18.9(a).

We affirm.

_Appelwick, J_

WE CONCUR:

_Trickey, J_