# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of | No. 77550-2-I |
| NATHAN CHOI, | |
| Appellant, | |
| and | UNPUBLISHED OPINION |
| JOSEPHENE CHOI, | FILED: April 22, 2019 |
| Respondent. | |

VERELLEN, J. — Nathan Choi appeals a September 2017 order denying his CR 60(b) motion to vacate a March 2016 order confirming daily sanctions imposed by a special master presiding over his post-dissolution proceeding with his former spouse, Josephene Choi. We affirm.

## FACTS

This is Nathan's[1] third appeal concerning the dissolution of his marriage with Josephene.[2] In January 2016, Nathan, who is an attorney licensed in Hawaii and Washington, began representing himself in the post-dissolution commercial property

---

[1] We use the first names of the parties for ease of reference.

[2] See In re Marriage of Choi, No. 74569-7-I (Wash. Ct. App. Apr. 24, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/745697.pdf, review denied, 189 Wn.2d 1032, 407 P.3d 1154 (2018); In re Marriage of Choi, No. 76551-5-I (Wash. Ct. App. Nov. 5, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/765515.pdf. Because we have previously issued opinions providing background facts of the parties' marriage and the appointment of a special master to preside over all disputes concerning the sale of their marital commercial property, we will not repeat them here.

proceedings over which the special master presided.[3] On January 14, 2016, the special master then sent communications to the parties requesting specific financial information.

On February 5, 2016, Nathan sent an e-mail to the special master apologizing for not responding to earlier e-mails, explaining, "I get a lot of spam and didn't see your email [until] now."[4] He did not discuss any financial information requested by the special master. He sent another e-mail to the special master on February 11, 2016, inquiring about parenting plan issues but, again, did not mention any financial information.

On February 22, 2016, the special master sent an e-mail warning Nathan of possible sanctions for his failure to cooperate in the proceedings and provide the requested financial information. After not getting a response from Nathan, on February 29, 2016, the special master sent an e-mail to the parties stating, "I have now been waiting for 6 weeks for [Nathan] to respond to the financial issues that have been raised in this case. I will wait no longer."[5] Attached to that e-mail was a copy of the special master's ruling sanctioning Nathan that, in pertinent part, stated:

> In violation of the Decree of Dissolution, the Respondent [Nathan] has failed to account for the rental income received on the condominiums awarded to the Petitioner [Josephene] since October 2015, and has further failed to account for the rental income received from the Tacoma Professional Plaza, as required by paragraph 3.15 of the Decree. Commencing March 1, 2016, the Respondent shall be charged with

---

[3] While the record indicates that Nathan was represented by counsel during periods after the dissolution, it appears he represented himself during the times relevant to this appeal. Clerk's Papers (CP) at 89, 96.

[4] CP at 107.

[5] CP at 63.

2

$250.00 per day in daily sanctions to be paid to the Petitioner for each day he does not comply with the Decree of Dissolution and supply the required accountings. The daily sanctions shall be paid to the Petitioner from the Respondent's share of proceeds of sale of the Tacoma Professional Plaza.[6]

On March 3, 2016, Josephene served Nathan by mail copies of a motion for entry of the special master's ruling, a copy of the proposed order confirming the special master's ruling, along with a notice of hearing in the King County Superior Court set for March 14, 2016 without oral argument.

On March 14, 2016, the superior court entered the order confirming the special master's imposition of daily sanctions and e-mailed the parties a copy of this order the next day.

On May 6, 2016, Nathan sent an e-mail to the special master indicating that he had stopped communicating with the special master because the special master required him to also send copies of communications to Josephene's attorney, and he was pursuing efforts to disqualify her attorney. Importantly, Nathan also indicated he was providing a "final accounting" and his accountant's information "so that [his] daily fines would stop."[7] However, on July 13, 2016, Nathan sent an e-mail to the special master in which he denied knowledge of the March 2016 confirmation order.[8]

In May 2017, Nathan filed a motion to set aside the March 14, 2016 order confirming the special master's ruling.[9] He asserted two claims in that motion: first, he

---

[6] CP at 74-75; see also CP at 61, 95.

[7] CP at 111.

[8] CP at 96, 113.

[9] CP at 1.

argued that Josephene should have filed the motion for entry of the special master's ruling to be considered by a family law commissioner, not before the trial judge who presided over their dissolution trial, and second, Josephene did not give him the required 14-day notice for such motions. On May 24, 2017, a family law commissioner denied Nathan's motion to vacate and granted Josephene's request for attorney fees.[10]

In a subsequent September 2017 order denying Nathan's motion to vacate, King County Superior Court Judge Thorp explained:

> [H]aving heard [Nathan's] motion to vacate Judge Downing's March 15, 2016 Order based upon CR 60(b)(4) specifically other misconduct of an adverse party and CR 60(b)(11). [Nathan] initially brought this motion on the family law motions calendar before Pro Tem Commissioner Bianco on May 24, 2017. The motion was denied as it was not properly before the Pro Tem Commissioner. [Nathan] a year later now alleges improper notice of the hearing, but presented no evidence in support of his claim. No evidence supports the request under either CR 60(b)(4) or (11). [Nathan] acted in accordance with [ ] Judge Downing's order as demonstrated by his email indicating he hired a professional to get into compliance with Judge Downing's order. It is unclear why it took over a year for this motion to be brought, albeit before the wrong judicial officer, if [Nathan] did not believe he had proper notice of the hearing. CR 11 sanctions are not ordered as the motion was finally properly noted.[11]

Nathan appeals.[12]

---

[10] CP at 139; see also Notice of Appeal, attached Order Denying Motion to Vacate (dated September 15, 2017).

[11] See September 15, 2017 Order Denying Motion to Vacate. The record is silent on how Nathan's motion to vacate came before the superior court.

[12] In his notice of appeal, Nathan also seeks to appeal a September 28, 2017 superior court order confirming the special master's ruling of August 2017. Because Nathan has failed to assign error to or offer any argument regarding this order, we need not address it on appeal. See RAP 10.3(a)(4), (6).

## ANALYSIS

Nathan contends that the March 2016 order confirming the special master's rulings should have been vacated for several procedural irregularities.[13] Our review of an "appeal from denial of a CR 60(b) motion is limited to the propriety of the denial [and] not the impropriety of the underlying judgment"[14] and is reviewed for abuse of discretion.[15]

But Nathan's briefing does not contain any legal authorities or cogent arguments to support his requested relief and, significantly, his briefing does not even specifically mention CR 60(b).[16] Absent adequate briefing and argument, we are precluded from meaningfully reviewing Nathan's argument.[17]

Moreover, the facts below establish that Nathan's request for CR 60(b) relief was untimely. Nathan acknowledges becoming aware of the March 2016 order confirming

---

[13] Nathan also contends that Judge Thorp should have recused herself from presiding over his motion to vacate. See Appellant's Br. at 4. While his briefing refers to his motion seeking to recuse Judge Thorp and the denial of that motion, Nathan has neither appealed that ruling nor designated copies of those pleadings as part of the record on appeal. See Appellant's Reply Br. at 3. Because the motion and order concerning Judge Thorp's recusal is not in the record, we do not consider it on appeal. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

[14] Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

[15] Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013).

[16] See Appellant's Br. at 2-9; Appellant's Reply Br. at 2-10.

[17] RAP 10.3(a)(6) requires parties to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Arguments that are not supported by pertinent authority or meaningful analysis need not be considered. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1997) (arguments not supported by adequate argument and authority).

the special master's ruling some time after April 26, 2016 but before May 6, 2016.[18] Even assuming his claims somehow support an irregularity governed by (b)(1), he did not move to vacate that order within 12 months as required under CR 60(b).[19] Even assuming some form of misconduct of an adverse party governed by (b)(4) or some extraordinary "other reason" governed by (b)(11), the motion must be filed within "a reasonable time."[20] Nathan does not establish any arguable reasonable grounds for his delay in seeking relief under CR 60(b).[21]

In sum, Nathan fails to show that the superior court abused its discretion when it denied his CR 60(b) motion to vacate. We affirm.

WE CONCUR:

---

[18] Appellant's Reply Br. at 5-8.

[19] Luckett v. Boeing Co., 98 Wn. App. 307, 310, 989 P.2d 1144 (1999).

[20] CR 60(b).

[21] Further, he misreads KCLFR 5(b), which does not require a motion to confirm sanctions imposed by a special master to be filed before a commissioner on the family law motions calendar, especially when the special master was appointed by the trial judge presiding over the dissolution of marriage. And there is no authority that the routine and customary noting of a motion for a hearing constitutes an ex parte communication with the court. See RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS §113 cmt. c, at 191-92 (2000).