**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>CHAO LIU,<br><br>     Respondent,<br><br>   and<br><br>JUNHUA CHANG,<br><br>     Appellant. | DIVISION ONE<br><br>No. 80670-0-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Junhua Chang appeals the trial court's denial of his motion to vacate a final dissolution decree. The exclusive procedure for Chang to challenge alleged errors of law in the dissolution decree was by direct appeal, not through a motion to vacate a year later. The trial court did not abuse its discretion in denying Chang's motion on the basis that he did not file it within a reasonable time. We affirm.

I

Appellant Junhua Chang and respondent Chao Liu were married on March 19, 2002 in Beijing, China. They have two sons together. They separated on June 1, 2017, and Liu filed a petition for dissolution.

Trial regarding dissolution of the marriage, child support, parenting plan, and other related issues was held on July 2, 2018. Liu was represented by counsel; Chang appeared pro se.

On August 30, 2018, the trial court issued four orders: "Final Divorce Order (Dissolution Decree),"[1] Final Parenting Plan, Findings and Conclusions about a Marriage, and Final Child Support Order. Neither party appealed any of these orders.

Chang, pro se, moved the trial court to vacate certain portions of the orders and for a new trial when he realized how the court had resolved the property issues. The trial court modified the child support order due to an accounting error that Chang had pointed out. The modified child support order, which decreased the amount of Chang's monthly child support payments to Liu, was issued March 4, 2019. Neither party appealed the modified child support order.

One day short of a year after the dissolution decree was entered, on August 29, 2019, Chang, through counsel, filed a motion to vacate certain property division portions of the decree. He argued that mistakes and irregularities existed relating to the balance of Bitcoin he possessed and the accounting of community property and non-community spending. He further argued that Liu's attorney had made misrepresentations to the trial court and improperly served as a de facto expert witness regarding the Bitcoin issue.

---

[1] This is the name given the decree by the trial court. We will refer to it as a dissolution decree.

The trial court convened a hearing on Chang's motion to vacate on September 23, 2019.

On September 26, 2019, the trial court issued a written order denying Chang's motion to vacate, ruling that "the balancing of interests does not support vacating final orders and reopening this litigation."

Chang appeals, pro se, from the trial court's denial of his motion to vacate.

II

Chang argues that the trial court erred by denying his motion to vacate various property division provisions of the dissolution decree. He argues that the trial court should vacate these provisions of the dissolution decree pursuant to CR 60(b) due to misrepresentation or misconduct on the part of Liu's attorney and mistakes in the dissolution decree.

Generally, we review a trial court's denial of a CR 60(b) motion for an abuse of discretion. Haley v. Highland, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

CR 60 provides, in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
> . . .

(4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

. . .

(11) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken.

Errors of law are not correctable through CR 60(b); rather, direct appeal is the proper means of remedying legal errors. Burlingame v. Consol. Mines & Smelting Co., 106 Wn.2d 328, 336, 722 P.2d 67 (1986); see also Bjurstrom v. Campbell, 27 Wn. App. 449, 451, 618 P.2d 533 (1980) ("The exclusive procedure to attack an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60 motion."). Accordingly, only the propriety of the denial, not the alleged impropriety of the underlying judgment, is before us. Bjurstrom, 27 Wn. App. at 450-51 (citing Browder v. Dep't of Corr., 434 U.S. 257, 263 n.7, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978)).

Chang argues that Liu's attorney committed misconduct or misrepresentation by valuing his Bitcoin at $328,903 because, in fact, he had sold the Bitcoin, and, thus, its value was $0. Significantly, Chang does not point to any specific misrepresentation or misconduct by the attorney beyond alleging that the attorney incorrectly valued the Bitcoin because he lacked knowledge of Bitcoin. Chang further argues that the trial court erred by awarding Liu the family home and other assets while awarding him the Bitcoin worth $0. In short, Chang is challenging the valuation of his Bitcoin at trial.

4

This alleged legal error needed to be raised on direct appeal, not in a CR 60(b) motion nearly a year later. See Burlingame, 106 Wn.2d at 336; Bjurstrom, 27 Wn. App. 450-51. The trial court's denial of Chang's motion to vacate stated that the motion to vacate was not the proper way to challenge the dissolution decree: "The proper way to challenge a final order that a litigant believes has been erroneously entered is to appeal. It is not to try to reopen the litigation a year later." We affirm the trial court's denial on the basis that the exclusive procedure to pursue this challenge was a direct appeal from the dissolution decree, not a CR 60(b) motion.

As an alternate basis, we affirm the trial court's decision on the basis that Chang's motion to vacate was not made within a reasonable time. Chang argues that he filed his motion to vacate within the "reasonable time" required by CR 60(b) because he filed it within one year of the dissolution decree. This interpretation of CR 60(b) is incorrect because it conflates separate requirements. The plain language of CR 60(b) states that the requirement for filing within a reasonable time is *in addition to* the requirement that motions for certain reasons be filed within one year: "The motion shall be made within a reasonable time *and* for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken." CR 60(b) (emphasis added). We have previously determined that the one-year and reasonable time requirements are two separate requirements. Luckett v. Boeing Co., 98 Wn. App. 307, 310-12, 989 P.2d 1144 (1999). Chang's motion was filed a day before

5

the one year deadline, but the question of whether it was filed within a reasonable time presents a separate legal issue.

Chang's only other argument regarding the reasonable time requirement is that the trial court did not mention the spousal maintenance and child support payments he makes to Liu in its written denial. Chang argues that because he makes these payments to Liu, she could afford an attorney and expert witness if the court granted his motion and reopened the litigation. But Chang does not explain how child support and spousal maintenance—awarded by the trial court to support Liu and the children in their daily expenses, not as an award of attorney fees—establishes that Liu has excess funds in her household that would allow her to have an attorney and expert witness. The trial court was authorized to credit Liu's testimony that she could not afford to hire an attorney or expert witness if the litigation were reopened.

In any event, finances were not the main reason for the trial court's denial; the court's denial centers around the facts that Chang failed to pursue the Bitcoin valuation issue at trial, did not appeal, and had no persuasive explanation for not pursuing this issue earlier. Chang fails to show how the trial court abused its discretion in considering the prejudice to Liu due to the delay and whether Chang had good reasons for failing to challenge the dissolution decree sooner. See Luckett, 98 Wn. App. at 314 (in determining motion's timeliness, the court must consider the prejudice to the nonmoving party due to the delay and whether the moving party has good reasons for failing to take appropriate action

6

sooner).  The trial court did not abuse its discretion in denying Chang's CR 60(b) motion.

Although Liu did not file a cross-appeal, she requests that we issue her a quit claim deed to the family house the trial court awarded her in 2018.  We have no authority to issue a quit claim deed to the house; we decline to do so.  Liu also requests that we "go back" to the amount of child support awarded in the initial child support order in August 2018.  Liu did not appeal the modified child support order issued in March 2019.  We decline to address any challenge to the modified child support order at this late date.

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____     _____
Coburn, J.                          Mann, C.J.