# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In re the Marriage of:<br><br>MARIA CAMERON,<br><br>               Respondent,<br><br>v.<br><br>DOUGLAS E. CAMERON,<br><br>               Appellant. | No. 55261-2-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Douglas Cameron appeals the superior court's order denying his motion to vacate and dismiss final dissolution orders that had been entered over twenty years ago. The superior court denied the motion to vacate and dismiss based on timeliness under CR 60. We affirm the superior court.

## FACTS

### I. DISSOLUTION PROCEEDINGS

In 1995, Douglas Cameron's wife, Maria Trevino (a.k.a. Maria Cameron) petitioned for dissolution of marriage in Clark County Superior Court. In March 1996, the superior court issued a default judgment against Cameron.[1] Later in August 1996, as a result of the default, the superior court entered final dissolution orders, including a parenting plan, a child support order, and findings (1996 Orders). Cameron did not appeal the 1996 Orders.

---

[1] The order of default and the reasons for it are not in the record before us on appeal.

II. MOTION TO VACATE

Over twenty years later, in June 2020, Cameron moved to vacate all of the 1996 Orders and dismiss the case with prejudice. Cameron made multiple allegations regarding jurisdiction, Trevino's citizenship, instances of fraud being committed on the court, and clerical errors.

Cameron alleged, for example, that the dissolution order should be vacated due to fraud committed by Trevino. He alleged that Trevino was not legally married to him, but was still married to her first husband. He also challenged her citizenship and alleged that Trevino used a false Social Security number and fraudulent birth certificate in her documentation. He further alleged that Trevino fraudulently requested child support for two children instead of one.

Cameron also alleged that the dissolution order was void because the court lacked jurisdiction. He argued that the court lacked personal jurisdiction because neither he nor Trevino were residing in Washington during the proceedings. He further argued that the court did not have subject matter jurisdiction because Trevino's divorce petition was perjured and she was not legally married to him.

To the superior court, Cameron based his motion to vacate the 1996 Orders on various provisions of CR 60, specifically CR 60(a), and (b)(1), (4), (5), and (9).

Cameron addressed his delay in bringing his motion to vacate in 2020 by asserting that he was unaware of the 1996 Orders for several years for a variety of reasons, and because he was in custody intermittently between 2001 and 2003. Cameron conceded, however, that he discovered the existence of the 1996 Orders no later than August 3, 2001.

The superior court denied Cameron's motion. Even considering Cameron's claim that he had been in custody in the early 2000s, the superior court noted that Cameron still delayed the

filing of his motion for over 17 years since he became aware of the 1996 Orders. Accordingly, the

superior court determined Cameron's motion was untimely under CR 60 largely because it was

not filed "within a reasonable time" after the entry of the 1996 Orders. Clerk's Papers (CP) at 357.

Cameron appeals the superior court's order.[2]

ANALYSIS

Cameron seeks review of the superior court's order denying his motion to vacate and

dismiss. Cameron argues that the superior court erred when it denied his motion under CR 60(b)(4)

and CR 60(b)(5).[3] We affirm because the superior court did not err when it determined that

Cameron's motion was untimely.

A superior court's decision on a motion to vacate a judgment or order under CR 60(b) is

reviewed for abuse of discretion. *Luckett v. Boeing Co.*, 98 Wn. App. 307, 312, 989 P.2d 1144

(1999). CR 60(b) allows a superior court to grant relief from a final judgment, order, or

proceeding. "Finality of judgments is a central value in the legal system, but circumstances can

---

[2] Trevino did not file a respondent's brief. "A respondent who elects not to file a brief allows [their] opponent to put unanswered arguments before the court, and the court is entitled to make its decision based on the argument and record before it." *Adams v. Dep't of Labor and Indus.*, 128 Wn.2d 224, 229, 905 P.2d 1220 (1995).

[3] At the superior court level, Cameron brought his motion under multiple subsections of CR 60, specifically CR 60(a), (b)(1), (4), (5), and (9). On appeal, Cameron seeks review only under CR 60(b)(4) and (5). Thus, we need not consider the arguments he made below under CR 60(a), (b)(1), and (9).

Cameron also appears to briefly raise a CR 60(c) argument for the first time on appeal, mislabeling the rule as CR 60(11)(C). Under RAP 2.5(a), we refuse to review a claim that was not raised at the trial court, unless it falls under an exception listed in RAP 2.5(a). Cameron does not explain how his vague CR 60(c) argument falls under any of exceptions in RAP 2.5(a), and no basis is apparent. Thus, we refuse to consider this argument.

arise where finality must give way to the greater value that justice be done." *Shandola v. Henry*, 198 Wn. App. 889, 895, 396 P.3d 395 (2017). CR 60(b) provides a "balance between finality and fairness by listing limited circumstances under which a judgment may be vacated." *Id.* CR 60(b)(4) allows relief from a judgment obtained by "fraud." CR 60(b)(5) allows relief from a "void" judgment.

In order to be considered timely, a motion under either CR 60(b)(4) or (5) must be made within a "reasonable time." CR 60(b). A reasonable time depends on the "critical period" between the party's discovery of the judgment or order and the filing of the motion to vacate. *Luckett*, 98 Wn. App. at 311-12. Whether the period is reasonable "depends on the facts and circumstances of each case." *Id.* at 312. "Major considerations" for determining the reasonableness in a particular case include "prejudice" to the nonmoving party and "whether the moving party has good reasons for failing to take appropriate action sooner." *Id.*

Here, the time between Cameron's discovery of the 1996 Orders and the filing of his current motion was 18 years and 10 months. Applying the above considerations, the superior court did not abuse its discretion in determining that this delay was not reasonable.

First, the prejudice to the nonmoving party is extreme. Whatever the consequences of the 1996 Orders, those consequences have been in place for decades. Vacating the orders now would force Trevino into confronting long dormant issues that, after such an extended delay, would be extremely difficult to readdress as documents are lost, memories fade, and issues become moot. In addition, considering that the 1996 Orders involved dissolution of marriage and child support orders, vacating those orders could possibly result in Trevino being still legally married to Cameron (despite his complaint that the marriage was void), or cause disruptive disgorgement of

4

child support payments to the detriment of the child and Trevino. The consideration of prejudice to the nonmoving party plainly supports the superior court's determination that the motion was untimely.

The second major consideration of whether there are "good reasons" for the delay also supports the superior court's decision. Cameron fails to provide any persuasive reason for waiting almost twenty years to file his motion when he concedes he was aware of the 1996 Orders no later than August 2001. Although he contends he was incarcerated for a period of time in the early 2000s, such period, while perhaps challenging for Cameron, serves as no excuse for his failure to bring his motion until over 17 years after his release. This second consideration further supports the superior court's determination the motion was untimely.

Therefore, under the facts of this case, Cameron's delay of almost 20 years to bring his motion was not reasonable. The legal system's central value of finality of judgments greatly outweighs any benefit from vacating the 1996 Orders and relitigating those issues. Thus, the superior court did not abuse its discretion in ruling that Cameron's motion was untimely under CR 60(b)(4) and (5).

## CONCLUSION

Because it did not abuse its discretion in ruling that Cameron's motion to vacate and dismiss the 1996 Orders was untimely, we affirm the superior court.

No. 55261-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, A.C.J.

WORSWICK, J.