[No. 6362-3-III. Division Three. June 5, 1986.]

HOMER B. FRITSCH, ET AL, *Respondents*, v.
J. J. NEWBERRY'S, INC., *Appellant*.

*Harold D. Clarke III* and *Turner, Stoeve, Gagliardi & Goss,* for appellant.

*Ronald D. Kappelman* and *Malott, Southwell & O'Rourke, P. S.,* for respondents.

GREEN, C.J.—J. J. Newberry's, Inc., appeals the denial of its motion for a new trial following a jury verdict against it for $208,240 in a slip and fall action. It makes the following assignments of error: (1) the trial court erred when it failed to grant a new trial based on juror misconduct; (2) the jury award was so excessive it indicated passion and prejudice; and (3) there was insufficient evidence to support the verdict. We reverse.

On January 29, 1979, Alice Fritsch, 56, slipped and fell just inside the entrance of Newberry's at Shadle Center, Spokane. As a result of the fall, Mrs. Fritsch has suffered pain in her right knee, right elbow and upper back between the shoulders. Mrs. Fritsch is no longer able to play the musical instruments she enjoyed (organ, marimba, accordion), get a full night's sleep, golf or bowl, or ride in a car for long periods of time. Medication has not been successful, although massage treatments and jet-tub baths provide temporary relief from pain.

The jury rendered a special verdict for Mrs. Fritsch in the amount of $260,300 less 20 percent for negligence attributed to her, yielding a net recovery of $208,240. Newberry's moved for a new trial based on CR 59(a) which provides for vacation of a verdict and a new trial where, among other reasons, (1) there has been juror misconduct, (2) the damages are so excessive they indicate the verdict must have been the result of passion or ·prejudice, or (3) there is no evidence to justify the verdict. This motion was denied.

We first consider the issue of juror misconduct bearing in mind that it is within the sound discretion of the trial court to grant or deny a new trial and its ruling will not be overturned absent a strong showing of abuse. *Gard-*

*ner v. Malone,* 60 Wn.2d 836, 846, 376 P.2d 651, 379 P.2d 918 (1962). In *Gardner,* at 841, the court summarized the rules relating to misconduct of jurors, stating:

> The crux of the problem is whether that to which the juror testifies (orally or by affidavit) in support of a motion for a new trial, inheres in the verdict. If it does, it may not be considered; if it does not, it may be considered by the court as outlined in *State v. Parker,* [25 Wash. 405, 65 P. 776 (1901)]. *One test is whether the facts alleged are linked to the juror's motive, intent, or belief, or describe their effect upon him;* if so, the statements cannot be considered for they inhere in the verdict and impeach it. If they do not, it then becomes a matter of law for the trial court to decide the effect the proved misconduct could have had upon the jury. *Another test is whether that to which the juror testifies can be rebutted by other testimony without probing a juror's mental processes.*

(Italics ours.)

 The affidavit which Newberry's contends reflects misconduct states:

> I was one of the jurors who heard the case of Alice Fritsch vs. J. J. Newberry's. I was present throughout the trial and deliberations of the case. During deliberations, we discussed liability and after finding liability, we moved on to discuss damages. In attempting to arrive at a sum as to pain and suffering, we had difficulty in arriving at a figure. Finally, *Mr. Greg Sauser stated he had injured his foot in an accident and was unable to jog for a month. Mr. Sauser stated he had consulted an attorney and was told a reasonable sum for the pain and suffering he endured for that particular month would be $1,000.00.* We then multiplied that figure by the number of months Mrs. Fritsch had lived since the accident and the number of months the mortality table would indicate she would live and came up with a figure in excess of $270,000.00. We then negotiated amongst ourselves a reduction to $245,000.00, to which was added $4,000.00 lost monies from the inability to play the organ at funerals and weddings, $8,000.00 in future massage treatments and slightly over $3,000.00 in future medical bills, for a total of $260,300.00. A reduction of 20% contributory negligence was then applied.

(Italics ours.) This affidavit contains facts which are not linked to the juror's motive, intent, or belief or describe the effect upon him. Further, the statement by juror Sauser relative to pain and suffering being worth $1,000 per month could be rebutted without probing his mental processes. Thus, under the tests outlined in *Gardner,* the extraneous evidence presented by juror Sauser did not inhere in the verdict and was misconduct. Moreover, the injection of evidence outside the record during jury deliberations affecting a material issue in the case constitutes misconduct. *Halverson v. Anderson,* 82 Wn.2d 746, 513 P.2d 827 (1973); *Gates v. Jensen,* 20 Wn. App. 81, 87, 579 P.2d 374 (1978), *rev'd on other grounds,* 92 Wn.2d 246, 595 P.2d 919 (1979); *Meerdink v. Krieger,* 15 Wn. App. 540, 550 P.2d 42 (1976); *Ryan v. Westgard,* 12 Wn. App. 500, 503–04, 530 P.2d 687 (1975). *See also* 58 Am. Jur. 2d *New Trial* § 90, at 284 (1971). It goes without saying, juror Sauser's statement presented evidence outside the record affecting a material issue in this case—damages. Finally, statements such as juror Sauser's are in the nature of expert testimony. It is akin to a jury bringing a book or text into the jury room which was never admitted in evidence but is relied upon by the jury in arriving at its verdict. *Kirby v. Rosell,* 133 Ariz. 42, 648 P.2d 1048 (Ct. App. 1982); *Johnson v. Haupt,* 5 Kan. App. 2d 682, 623 P.2d 537 (1981). As noted in *Halverson,* such statements are not subject to objection, cross examination, explanation or rebuttal.

The effect of misconduct is for the court to decide. *Halverson,* at 749. The question then is whether the statement of juror Sauser was prejudicial. No evidence was introduced at trial as to what value should be used to determine pain and suffering. Since the amount of the verdict corresponds so closely to the total derived by multiplying Mrs. Fritsch's life expectancy times $1,000 per month, we cannot say with reasonable certainty the misconduct was not prejudicial. Moreover, where there is "any doubt that the misconduct affected the verdict, [the court is] obliged to resolve that doubt in favor of granting a new

trial." *Halverson,* at 752. In our view, doubt exists here. Consequently, the judgment is vacated and the case is remanded for a new trial limited to the issue of damages.

In light of our holding, it is unnecessary to reach the remaining issues raised by Newberry's.

Reversed and remanded.

MUNSON and McINTURFF, JJ., concur.

Reconsideration denied June 30, 1986.

Review denied by Supreme Court October 7, 1986.