# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In the Matter of the Detention of

JOEL S. REIMER.

No. 51557-1-II

UNPUBLISHED OPINION

WORSWICK, J. — Joel Reimer appeals the trial court's order denying his CR 59 motion for a new trial and his CR 60 motion for relief based on various ineffective assistance of counsel claims.[1] Because neither motion was timely, we affirm the trial court's order denying Reimer's motions.

## FACTS

In 1992, a jury found Reimer to be a sexually violent predator (SVP), and the trial court committed him to the Special Commitment Center (SCC). After 22 years, Reimer was granted an unconditional discharge trial. The jury found that the State had proved beyond a reasonable doubt that Reimer continued to be an SVP. Based on the jury's verdict, the trial court entered an order of commitment on October 27, 2016, ordering Reimer to remain committed at the SCC.

---

[1] Reimer also argues that his due process rights were violated when he was denied access to his legal files and records at the SCC. But Reimer failed to raise this issue at trial and has therefore, failed to preserve it for appeal. "Generally, a defendant waives any issues he did not raise in the trial court." *State v. Knotek*, 136 Wn. App. 412, 422, 149 P.3d 676 (2006); RAP 2.5. Moreover, Reimer's claim is not supported by facts in the trial record. The facts he cites in his appellate brief are from pro se motions that were made after his commitment trial. A personal restraint petition is the proper avenue for Reimer to raise issues that require consideration of evidence and facts not within the existing trial record. *State v. Linville*, 191 Wn.2d 513, 525, 423 P.3d 842 (2018).

On November 4, 2016, Reimer filed a CR 59 motion for reconsideration of his motion for a mistrial, which he had made during the trial, and for a new trial. Reimer based his motion on (1) the State's alleged violation of a motion in limine regarding impeachment of expert witnesses, and (2) the alleged violation of Reimer's right to be present at trial on October 20. The trial court denied Reimer's motion.[2]

On November 22, 2016, Reimer's trial counsel filed a motion to withdraw due to a complete breakdown of communication. The trial court granted the motion to withdraw on December 5. Newly appointed counsel filed a notice of appearance on January 9, 2017.

On October 23, 2017, Reimer, through counsel, filed a "Restated Motion for New Trial" under CR 59. Clerk's Papers at 28 (capitalization omitted). The restated motion raised several claims of ineffective assistance of Reimer's original trial counsel based on several pro se motions, which were not previously considered by the trial court because Reimer was represented.

At a hearing on the restated motion, the trial court acknowledged that the motion for a new trial is a creature of the court rule and ruled that the motion was "obviously well outside" of the 10-day time limit for a CR 59 motion. Verbatim Report of Proceedings (Oct. 25, 2017) at 11. The trial court further ruled that Reimer's ineffective assistance counsel claims were more properly the subject of an appeal or personal restraint petition. Accordingly, the trial court denied Reimer's restated motion for a new trial.

---

[2] Reimer filed a notice of direct appeal to this court. This court considered the trial court's order of commitment as well as the order denying Reimer's CR 59 motion, and issued its opinion affirming Reimer's commitment on December 18, 2018.

No. 51557-1-II

Reimer subsequently filed a motion for reconsideration and/or to vacate the trial court's October 2016 order of commitment under CR 60(b)(1) and (11), which the trial court denied.

Reimer appeals the trial court's orders denying his restated motion for new trial and his motion for reconsideration.

ANALYSIS

I. CR 59

Reimer argues that the trial court erred by denying his restated CR 59 motion for a new trial. Because Reimer's restated motion was untimely, we disagree.

The decision to deny a new trial under CR 59 will not be reversed absent a strong showing of abuse of discretion.[3] *Fritsch v. J.J. Newberry's, Inc.*, 43 Wn. App. 904, 905, 720 P.2d 845 (1986). And motions for reconsideration under CR 59 are best left to the sound discretion of the trial court and are also not reversed absent a showing of manifest abuse of discretion. *Wilcox v. Lexington Eye Inst.*, 130 Wn. App. 234, 241, 122 P.3d 729 (2005). A trial court abuses its discretion when its decision is manifestly unreasonable or made on untenable grounds or for untenable reasons. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006). A trial court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law. *Mayer*, 156 Wn.2d at 684.

---

[3] Reimer urges this court to review the denial of his CR 59 and 60 motions de novo. But it is well established that we review a trial court's decision on such motions for a manifest abuse of discretion.

CR 59(b) provides that a motion for a new trial be filed within 10 days after the entry of the judgment, and the motion must "identify the specific reasons in fact and law as to each ground on which the motion is based."[4]  And a trial court may not extend the time period for filing a motion under CR 59(b).  CR 6(b).

Reimer failed to specify the legal bases for his motion as required by CR 59(a).  More importantly, Reimer failed to comply with the time requirement of CR 59(b).  The trial court entered the order of commitment on October 27, 2016, and Reimer did not file his restated motion until nearly a year later on October 23, 2017, well after the 10-day time limit imposed by the rule.

Reimer argues that the trial court erred by denying his motion as untimely "because the initial motion for a new trial was timely filed and the trial court denied the initial motion without prejudice for newly appointed counsel to renew it."  Br. of Appellant 5-6.  That the original motion was denied without prejudice does not free Reimer from the time restraints of the rule. "A judgment without prejudice is the same as a judgment with prejudice in the sense that it entirely disposes of the present action."  *Rose v. Fritz*, 104 Wn. App. 116, 121, 15 P.3d 1062 (2001).  But Reimer cites to no law that allows a trial court to extend the 10-day time limit to file a motion for new trial.  Indeed, CR 6(b) prohibits a trial court from extending the time to take an

---

[4] CR 59 authorizes the trial court to order a new trial based on (1) irregularities in the proceedings of the court, (2) misconduct of the prevailing party or jury, (3) an accident or surprise, (4) newly discovered evidence, (5) excessive or inadequate damages, (6) an error in the assessment of the amount of recovery, (7) no evidence justifying the verdict or decision, (8) an error in law at trial that was objected to at the time, or (9) substantial justice not being done.

action under CR 59(b). Accordingly, we hold that the trial court did not abuse its discretion by denying Reimer's CR 59 motion as untimely.

## II. CR 60

Reimer also argues that the trial court erred by denying his CR 60 motion for relief. We disagree.

We also review a trial court's denial of a CR 60(b) motion for manifest abuse of discretion. *Haley v. Highland*, 142 Wn.2d 135, 156, 12 P.3d 119 (2000). Unlike an appeal, a CR 60(b) motion is not a means of correcting errors of law. *Burlingame v. Consol. Mines and Smelting Co.*, 106 Wn.2d 328, 336, 772 P.2d 67 (1986). Accordingly, when a party appeals the trial court's denial of a CR 60(b) motion, we review only the trial court's decision to deny the motion—not the underlying order that the party seeks to vacate. *Bjurstrom v. Campbell*, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

CR 60(b) allows a trial court to vacate a final judgment or order for specified reasons such as mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. Reimer based his motion on CR 60(b)(1), which authorizes a trial court to vacate a judgment for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order," and CR 60(b)(11), which authorizes a trial court to vacate a judgment for "[a]ny other reason justifying relief from the operation of the judgment." CR 60(b)(11) is "a catchall provision, intended to serve the ends of justice in extreme, unexpected situations." *In re Det. of Ward*, 125 Wn. App. 374, 379, 104 P.3d 751 (2005). Relief under CR 60(b)(11) is limited to "extraordinary circumstances" relating to "irregularities extraneous to the action of the court or

questions concerning the regularity of the court's proceedings." *In re Marriage of Yearout*, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985).

A party seeking relief under CR 60(b) must make the motion within a reasonable time. CR 60(b). If the party does not move within a reasonable time, he is barred from relief under CR 60(b). *Ward*, 125 Wn. App. at 380. The major considerations in determining the timeliness of a CR 60(b) motion are (1) whether the delay prejudiced the nonmoving party, and (2) whether the moving party has good reasons for failing to bring the motion earlier. *Luckett v. Boeing Co.*, 98 Wn. App. 307, 312, 989 P.2d 1144 (1999). The second consideration weighs strongly against Reimer. When appealing from a trial court's ruling that the CR 60(b) motion was untimely, the moving party must show good reasons explaining the delay—even if there was no prejudice to the nonmoving party. *Luckett*, 98 Wn. App. at 313.

Here, Reimer contends that his delay in filing his CR 60 motion was reasonable because it was filed shortly after counsel was appointed. However, the record does not support Reimer's contention. Although Reimer claims that counsel was not appointed for nearly a year following the entry of his commitment order, the record shows that counsel filed a notice of appearance on January 9, 2017, 10 months before Reimer filed his CR 60 motion. Reimer gives no explanation as to why the motion could not have been filed within a reasonable time after counsel appeared on his case. Because Reimer failed to file his CR 60 motion within a reasonable time, we hold that the trial court did not abuse its discretion by denying his motion.

Accordingly, we affirm the trial court's denial of Reimer's CR 59 and 60 motions.

No. 51557-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, A.C.J.

_____
Melnick, J.